M. KIRBY C. WILCOX
ALLAN S. BLOOM
EMILY R. PIDOT
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendants*
GOLDMAN, SACHS & CO. and
THE GOLDMAN SACHS GROUP, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT BARDOUILLE, VINCENT GUARINO, ANGELA MCCAIN, MICHAEL THORGERSEN and STEVEN SCADUTO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOLDMAN SACHS & CO. and GOLDMAN SACHS GROUP, INC.<br><br>Defendants. | 10 Civ. 4285 (WHP) (HBP)<br><br>**ANSWER AND**<br>**AFFIRMATIVE DEFENSES** |

Defendants Goldman, Sachs & Co. and The Goldman Sachs Group, Inc.

(improperly sued as "Goldman Sachs & Co." and "Goldman Sachs Group, Inc."), through their

undersigned counsel, Paul, Hastings, Janofsky & Walker LLP, hereby answer the Class Action

Complaint for Damages, Restitution and Injunctive Relief ("Complaint"), dated May 27, 2010

and filed herein by Plaintiffs Vincent Bardouille, Vincent Guarino, Angela McCain, Michael

Thorgersen, and Steven Scaduto ("collectively, "Plaintiffs"), as follows:

1.    Defendants admit that Plaintiffs have brought this action on their own behalf and on behalf of one of more alleged classes but otherwise deny the allegations in paragraph "1" of the Complaint.

2.    Defendants admit that Plaintiffs seek certification of the alleged "Collective Class" described in paragraph "2" of the Complaint but deny that certification of that class would be appropriate and deny that members of the alleged "Collective Class" were "subject to Defendants' unlawful practice of failing to pay overtime premiums for all hours worked over 40 in a given workweek."

3.    Defendants admit that Plaintiffs seek certification of the alleged "New York Class" described in paragraph "3" of the Complaint but deny that certification of that class would be appropriate and deny that members of the alleged "New York Class" were "subject to Defendants' unlawful practice of failing to pay overtime premiums for all hours worked over 40 in a given workweek."

4.    Defendants admit that Plaintiffs seek certification of the alleged "New Jersey Class" described in paragraph "4" of the Complaint but deny that certification of that class would be appropriate and deny that members of the alleged "New Jersey Class" were "subject to Defendants' unlawful practice of failing to pay overtime premiums for all hours worked over 40 in a given workweek."

5.    Defendants admit that members of the alleged "Collective Class," "New York Class," and "New Jersey Class" were employed by and retained through one or more third-party vendors and that some members of the alleged "Collective Class," "New York Class," and "New Jersey Class" were assigned by the vendors that employed them to work in Defendants' facilities, and otherwise deny the allegations in paragraph "5" of the Complaint.

6.      Defendants admit that Plaintiffs seek the relief described in paragraph "6" of the Complaint but deny that any such relief is appropriate; deny that Defendants had any obligation to pay wages to the members of the alleged "Collective Class," "New York Class," or "New Jersey Class"; and otherwise deny the allegations in paragraph "6" of the Complaint.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation as to Plaintiff Bardouille's residence; deny that Bardouille is "representative" of any other Plaintiffs, potential plaintiffs, or members of the alleged "Collective Class," "New York Class," or "New Jersey Class"; and otherwise deny the allegations in paragraph "7" of the Complaint, including that Defendants employed Bardouille.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation as to Plaintiff Guarino's residence; deny that Guarino is "representative" of any other Plaintiffs, potential plaintiffs, or members of the alleged "Collective Class," "New York Class," or "New Jersey Class"; and otherwise deny the allegations in paragraph "8" of the Complaint, including that Defendants employed Guarino.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation as to Plaintiff McCain's residence; deny that McCain is "representative" of any other Plaintiffs, potential plaintiffs, or members of the alleged "Collective Class," "New York Class," or "New Jersey Class"; and otherwise deny the allegations in paragraph "9" of the Complaint, including that Defendants employed or hired McCain during any relevant period.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation as to Plaintiff Scaduto's residence; deny that Scaduto is

"representative" of any other Plaintiffs, potential plaintiffs, or members of the alleged "Collective Class," "New York Class," or "New Jersey Class"; and otherwise deny the allegations in paragraph "10" of the Complaint, including that Defendants employed Scaduto.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation as to Plaintiff Thorgersen's residence; deny that Thorgersen is "representative" of any other Plaintiffs, potential plaintiffs, or members of the alleged "Collective Class," "New York Class," or "New Jersey Class"; deny that Thorgersen was employed by Defendants; and otherwise deny the allegations in paragraph "11" of the Complaint, including that Defendants employed Thorgersen.

12.     Defendants admit that The Goldman Sachs Group, Inc. is a Delaware Corporation with its principal place of business at 200 West Street, New York, New York 10282, and that Goldman, Sachs & Co. is an indirect wholly-owned subsidiary of The Goldman Sachs Group, Inc.; and otherwise deny the allegations in paragraph "12" of the Complaint.

13.     Defendants admit that Goldman, Sachs & Co. is an indirect wholly-owned subsidiary of The Goldman Sachs Group, Inc. and that its headquarters is located at 200 West Street, New York, New York 10282, and otherwise deny the allegations in paragraph "13" of the Complaint.

14.     Defendants admit that Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. share common management, ownership and financial control and otherwise deny the allegations in paragraph "14" of the Complaint.

15.     Defendants deny the allegations in paragraph "15" of the Complaint.

16.     Defendants admit the allegation in the first sentence of paragraph "16" of the Complaint but only with respect to those of the Plaintiffs or other individuals who have filed

consents to join this action pursuant to the 29 U.S.C. § 216(b); deny that the Court is required to exercise supplemental jurisdiction over Plaintiffs' state law claims and believe that the Court should decline to exercise such jurisdiction; and therefore deny the allegations in the second sentence of paragraph "16" of the Complaint.

17.     Defendants admit that venue is proper in this District pursuant to 28 U.S.C. § 1391 but deny the remainder of the allegation in paragraph "17" of the Complaint.

18.     Defendants admit that Plaintiffs bring this action on behalf of themselves and others but deny that any of the Plaintiffs or members of the alleged "Collective Class" are "employees" of Defendants; deny that the Plaintiffs and members of the alleged "Collective Class" are "similarly situated"; and otherwise deny the allegations of paragraph "18" of the Complaint.

19.     Defendants deny the allegation in paragraph "19" of the Complaint.

20.     Defendants deny the allegations in paragraph "20" of the Complaint.

21.     Defendants deny the allegation in paragraph "21" of the Complaint.

22.     Defendants deny the allegation in paragraph "22" of the Complaint.

23.     Defendants deny the allegations in paragraph "23" of the Complaint.

24.     Defendants admit that some members of the alleged "Collective Class" were assigned by the vendors that employed them to work in Defendants' facilities but otherwise deny the allegations in paragraph "24" of the Complaint.

25.     Defendants deny the allegation in paragraph "25" of the Complaint.

26.     Defendants deny the allegation in paragraph "26" of the Complaint and deny that they had any obligation to pay wages to members of the alleged "Collective Class."

27.     Defendants deny the allegation in paragraph "27" of the Complaint.

28.    Defendants deny the allegation in paragraph "28" of the Complaint.

29.    Defendants deny the allegation in paragraph "29" of the Complaint.

30.    Defendants deny the allegations in paragraph "30" of the Complaint.

31.    Defendants deny the allegations in paragraph "31" of the Complaint.

32.    Defendants deny the allegations in paragraph "32" of the Complaint.

33.    Defendants deny the allegations in paragraph "33" of the Complaint.

34.    Defendants deny the allegations in paragraph "34" of the Complaint.

35.    Defendants deny the allegation in paragraph "35" of the Complaint.

36.    Defendants deny the allegations in paragraph "36" of the Complaint.

37.    Defendants deny the allegations in paragraph "37" of the Complaint.

38.    Defendants admit that Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 but deny that certification of the "Proposed Class" would be appropriate and otherwise deny the allegations of paragraph "38" of the Complaint.

39.    Defendants deny the allegation in paragraph "39" of the Complaint.

40.    Defendants deny the allegations in paragraph "40" of the Complaint.

41.    Defendants deny the allegations in paragraph "41" of the Complaint.

42.    Defendants deny the allegation in paragraph "42" of the Complaint.

43.    Defendants deny the allegations in paragraph "43" of the Complaint.

44.    Defendants deny the allegations in paragraph "44" of the Complaint and all subparts thereof.

45.    Defendants deny the allegations in paragraph "45" of the Complaint.

46.    Defendants deny the allegations in paragraph "46" of the Complaint.

47.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiffs' intent, and otherwise deny the allegations in paragraph "47" of the Complaint.

48.      Defendants admit that Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 but deny that certification of the "Proposed Class" would be appropriate and otherwise deny the allegations of paragraph "48" of the Complaint.

49.      Defendants deny the allegations in paragraph "49" of the Complaint.

50.      Defendants deny the allegations in paragraph "50" of the Complaint.

51.      Defendants deny the allegations in paragraph "51" of the Complaint.

52.      Defendants deny the allegations in paragraph "52" of the Complaint.

53.      Defendants deny the allegations in paragraph "53" of the Complaint.

54.      Defendants deny the allegations in paragraph "54" of the Complaint.

55.      Defendants deny the allegation in paragraph "55" of the Complaint.

56.      Defendants deny the allegations in paragraph "56" of the Complaint.

57.      Defendants deny the allegations in paragraph "57" of the Complaint and all subparts thereof.

58.      Defendants deny the allegations in paragraph "58" of the Complaint.

59.      Defendants deny the allegations in paragraph "59" of the Complaint.

60.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiffs' intent, and otherwise deny the allegations in paragraph "60" of the Complaint.

61.      Defendants incorporate by reference each of the foregoing responses.

62.    Defendants admit that Plaintiffs Bardouille, McCain, Guarino, and Thorgersen have filed consents to join this action; are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether additional individuals will file consents to join this action; and otherwise deny the allegations in paragraph "62" of the Complaint.

63.    Defendants admit that at all relevant times during the Complaint, Defendants have had gross operating revenues in excess of $500,000; deny that they or either of them have been an "employer" of Plaintiffs, potential plaintiffs, or members of the alleged "Collective Class" within the meaning of the Fair Labor Standards Act ("FLSA") or for any other purpose; admit that each of them is an "employer" within the meaning of the FLSA (but not with respect to any of the above-described individuals); and otherwise deny the allegations in paragraph "63" of the Complaint.

64.    Defendants deny the allegation in paragraph "64" of the Complaint.

65.    Defendants deny the allegations in paragraph "65" of the Complaint.

66.    Defendants deny the allegations in paragraph "66" of the Complaint.

67.    Defendants deny the allegations in paragraph "67" of the Complaint.

68.    Defendants admit that Plaintiffs seek the relief described in paragraph "68" of the Complaint but deny that Plaintiffs or members of the alleged "Collective Class" are entitled to such relief.

69.    Defendants incorporate by reference each of the foregoing responses.

70.    Defendants deny that Plaintiffs, potential plaintiffs, or members of the alleged "New York Class" were "employees" of Defendants or either of them within the meaning of the New York Labor Law or for any purpose; deny that Defendants or either of them

have been an "employer" of Plaintiffs, potential plaintiffs, or members of the alleged "New York

Class" within the meaning of the New York Labor Law or for any other purpose; admit that each

of Defendants is an "employer" within the meaning of the New York Labor Law (but not with

respect to any of the above-described individuals); and otherwise deny the allegation in

paragraph "70" of the Complaint.

71.    Defendants admit the allegation in paragraph "71" of the Complaint but

deny that Plaintiffs, potential plaintiffs, or members of the "New York Class" were "employees"

of Defendants or either of them within the meaning of the New York Labor Law or for any other

purpose and therefore deny any liability to Plaintiffs, potential plaintiffs, or members of the

"New York Class" under Article 19 of the New York Labor Law and its supporting regulations.

72.    Defendants deny the allegation in paragraph "72" of the Complaint.

73.    Defendants deny the allegations in paragraph "73" of the Complaint.

74.    Defendants deny the allegations in paragraph "74" of the Complaint.

75.    Defendants incorporate by reference each of the foregoing responses.

76.    Defendants deny that Plaintiffs, potential plaintiffs, or members of the

alleged "New Jersey Class" were "employees" of Defendants or either of them within the

meaning of the New Jersey State Wage and Hour Law or for any purpose; deny that Defendants

or either of them have been an "employer" of Plaintiffs, potential plaintiffs, or members of the

alleged "New Jersey Class" within the meaning of the New Jersey State Wage and Hour Law or

for any purpose; admit that each of Defendants is an "employer" within the meaning of the New

Jersey State Wage and Hour Law (but not with respect to any of the above-described

individuals); and otherwise deny the allegation in paragraph "76" of the Complaint.

77.     Defendants admit the allegation in paragraph "77" of the Complaint but deny that Plaintiffs, potential plaintiffs, or members of the "New Jersey Class" were "employees" of Defendants or either of them within the meaning of the New Jersey State Wage and Hour Law or for any other purpose and therefore deny any liability to Plaintiffs, potential plaintiffs, or members of the "New Jersey Class" under the overtime wage provisions of the New Jersey State Wage and Hour Law and its supporting regulations.

78.     Defendants deny the allegation in paragraph "78" of the Complaint.

79.     Defendants deny the allegations in paragraph "79" of the Complaint.

80.     Defendants deny the allegations in paragraph "80" of the Complaint.

81.     Defendants deny that Plaintiffs are entitled (on behalf of themselves or any other individuals) to the relief set forth in the "WHEREFORE" paragraph and paragraphs "81" through "89" of the Complaint.

82.     The waiver of rights in the first sentence of paragraph "90" of the Complaint is not a factual allegation to which a response is required. Defendants deny that Plaintiffs are entitled to recover liquidated damages under the FLSA.

83.     Except as expressly admitted herein, Defendants deny each and every allegation set forth in the Complaint and deny that Plaintiffs are entitled to any relief whatsoever.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.     The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.     Plaintiffs' claims for relief and the claims of any putative class member are or may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.    Plaintiffs' claims and the claims of any putative class member are barred to the extent not filed within the applicable statutes of limitations, including under 29 U.S.C. § 255(a).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.    Any act or omission complained of on the part of Defendants was in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, or interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of such agency.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.    Any act or omission on the part of Defendants giving rise to this action was in good faith and Defendants had reasonable grounds for believing that any such act or omission was not a violation of the FLSA.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.    To the extent they are found to have violated the New York Labor Law, Defendants had a good faith basis to believe that its underpayment of wages was in compliance with the law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.    Some or all of the time that Plaintiffs or any putative class member claim to have worked is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiffs' claims and the claims of any putative class member are barred to the extent the time periods for which they are claiming entitlement to compensation fall within a *de minimis* exception to the applicable laws.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.    The Court lacks subject matter jurisdiction over the claims of any Plaintiff or putative class member who has failed to satisfy the requirements of 29 U.S.C. § 216(b).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10.    Plaintiffs' claims and the claims of any putative class member are barred to the extent covered by a prior compromise or release of claims.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11.    To the extent the wages of any Plaintiff or putative class member were subject to or determined by a collective bargaining agreement, the claims of such Plaintiff or putative class member are preempted by Section 301 of the Labor Management Relations Act.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12.    In the event that a class should be certified in this matter, Defendants incorporate by reference and reallege all of their affirmative defenses to Plaintiffs' individual claims in response to Plaintiffs' claims on behalf of the class and each class member.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13.    Defendants reserve the right to assert such other additional and/or affirmative defenses that may become known to it through discovery.

Defendants do not consent to the trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies.

WHEREFORE, Defendants respectfully request that the Court:

(1)    Dismiss the Complaint, and Plaintiffs' claims therein, with prejudice and in their entirety;

(2)    Deny collective action status and class action status to Plaintiffs;

(3)    Deny each and every prayer of the Complaint;

(4)    Enter judgment against Plaintiffs and for Defendants;

(5)    Award Defendants their costs, including reasonable attorneys' fees and expenses, in the amount and manner permitted by applicable law; and

(6)    Grant Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 16, 2010

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:    M. Kirby C. Wilcox
        Allan S. Bloom
        Emily Ratté Pidot

75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendants*
GOLDMAN, SACHS & CO. and
THE GOLDMAN SACHS GROUP, INC.

LEGAL_US_E # 88788519.7

-13-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT BARDOUILLE, VINCENT GUARINO,
ANGELA MCCAIN, MICHAEL THORGERSEN and
STEVEN SCADUTO, individually and on behalf of all
others similarly situated,

                  Plaintiffs,

        vs.

GOLDMAN SACHS & CO. and GOLDMAN SACHS
GROUP, INC.

                  Defendants.

10 Civ. 4285 (WHP) (HBP)

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 16, 2010, a copy of the foregoing DEFENDANTS ANSWER

AND AFFIRMATIVE DEFENSES was filed electronically.  Notice of this filing will be sent by

e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone

unable to accept electronic filing.  Parties may access this filing through the Court's CM/ECF

System.

Dated: New York, New York
       July 16, 2010

                  By: _____
                                  Jean M. Gutierrez