# Paul Hastings



Paul, Hastings, Janofsky & Walker LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
telephone 415-856-7000 • facsimile 415-856-7100 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Frankfurt
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

(415) 856-7002
kirbywilcox@paulhastings.com

September 2, 2010



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/10

VIA OVERNIGHT MAIL

Chambers of Hon. William H. Pauley, III
United States District Judge
Southern District of New York
Daniel Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

Re: *Bardouille et al. v. Goldman, Sachs & Co. and The Goldman Sachs Group, Inc.*
No. 10 Civ. 4285 (WHP) (HBP)

Your Honor:

We represent Defendants Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. in the above-referenced action. Pursuant to section (3)(A) of Your Honor's Individual Practices, we write to respectfully request a pre-motion conference to seek leave to implead the third-party vendors that employed the named and opt-in plaintiffs and other members of the alleged class that the named plaintiffs seek to represent. Alternatively, given that the parties discussed the issue of impleading these vendors with Your Honor in person as recently as August 19, 2010 (at the initial pretrial conference), we seek leave to serve and file third-party complaints on the vendors forthwith. Of course, if Your Honor would prefer us to file a formal motion for leave to implead the vendors, and/or to appear again in Court to discuss the reasons for impleading the vendors, we are prepared to do so at the Court's convenience. 

## Brief Background

Plaintiffs in this action are contingent workers who provided technology services to Defendants pursuant to contractual agreements with third party vendors. Plaintiffs were employed by third-party vendors. These third-party vendors supplied the plaintiffs and other contingent workers to Defendants pursuant to services agreements. The vendors, and the Plaintiffs themselves, agreed in writing that the Plaintiffs and other contingent workers supplied pursuant to these agreements were <u>not</u> employees of Defendants.

*Application granted. Defendants shall file and serve third-party complaints by October 6, 2010.*

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
9/17/10

PaulHastings

The Honorable William H. Pauley, III
September 2, 2010
Page 2

Notwithstanding these agreements, Plaintiff are suing Defendants—and not the vendors who employed them, paid them, and supplied them to Defendants—for alleged overtime violations.

Defendants deny that they are liable to Plaintiffs for any damages whatsoever, and believe that any dispute over an alleged failure to pay wages is between the Plaintiffs (and those they seek to represent) and the vendors that employed and paid them.

## Basis for Defendants' Motion for Leave to Implead Third-Party Vendors that Employed Plaintiffs

Defendants request leave pursuant to Federal Rule of Civil Procedure 14(a)(1) to serve and file third-party complaints against the third-party vendors described above. These vendors are liable to Defendants for all or part of any judgment against them because the vendors—and not Defendants—employed Plaintiffs and the putative class, and as such are liable for any alleged damages arising from any failure to pay overtime wages. These vendors also are liable to Defendants for any alleged damages because each of them entered into indemnification agreements with Defendants that specifically held Defendants harmless with respect to Plaintiffs' claims in this lawsuit.

Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over the claims against the vendors to the extent they arise under the Fair Labor Standards Act, 29 U.S.C. § 207 *et seq.* ("FLSA"). This Court also has supplemental jurisdiction over all of the state law claims against the third-party vendors pursuant to 28 U.S.C. § 1367(a) because they arise from a common nucleus of operative fact as the FLSA claims.

At present, Defendants are aware of five vendors that employed the named and opt-in Plaintiffs: Wellstone Consulting, ICAS, Leading Edge, PrO Unlimited, and Paragon. Without conceding the viability or scope of the classes that plaintiffs have asserted in their complaint—classes that Goldman contends are seriously flawed—each of the following ten vendors also were among those that supplied one or more contingent workers who appear to fit within those class definitions: Ciber Inc., Computer Merchant, Ltd., Key Systems, KGM Consulting, MPL Systems, Performance Resources, Princeton Information, Royal Communications Incorporated, The Walsh Associates, and US Information Systems.

**Paul**Hastings

The Honorable William H. Pauley, III
September 2, 2010
Page 3

Accordingly, Defendants respectfully request leave to serve and file third-party complaints against the above-mentioned vendors or, in the alternative (and if it may please the Court), a formal motion for such leave.

Respectfully submitted,

M. Kirby C. Wilcox
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

cc:   Christopher Q. Davis, Esq.
      The Ottinger Firm, P.C.
      *Attorneys for Plaintiffs*

LEGAL_US_E # 89488042.4