M. KIRBY C. WILCOX
ALLAN S. BLOOM
EMILY R. PIDOT
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendants and Third-Party Plaintiffs*
GOLDMAN, SACHS & CO. and
THE GOLDMAN SACHS GROUP, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| VINCENT BARDOUILLE, VINCENT GUARINO, ANGELA MCCAIN, MICHAEL THORGERSEN and STEVEN SCADUTO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOLDMAN SACHS & CO. and GOLDMAN SACHS GROUP, INC.<br><br>Defendants.<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,<br><br>Third-Party Plaintiffs,<br><br>vs.<br><br>CIBER, INC., THE COMPUTER MERCHANT, LTD., INTERFACE CABLE ASSEMBLIES AND SERVICES CORPORATION, LEADING EDGE COMMUNICATIONS CORPORATION, KEY SYSTEMS, KGM CONSULTING, MPL SYSTEMS, INC., PARAGON SOLUTIONS, INC., PERFORMANCE RESOURCES NY, INC., PRINCETON INFORMATION, PRO UNLIMITED, INC., ROYAL COMMUNICATIONS CONSULTANTS, THE WALSH ASSOCIATES, U.S. INFORMATION SYSTEMS, and THE WELLSTONE GROUP,<br><br>Third-Party Defendants. | 10 Civ. 4285 (WHP) (HBP)<br><br><br>**THIRD-PARTY COMPLAINT** |

Defendants and Third-Party Plaintiffs Goldman, Sachs & Co. and The Goldman

Sachs Group, Inc. (together, "Goldman Sachs"), as and for their Third-Party Complaint against

CIBER, Inc., The Computer Merchant, Ltd., Interface Cable Assemblies and Services

Corporation, Leading Edge Communications Corporation, Key Systems, KGM Consulting, MPL

Systems, Inc., Paragon Solutions, Inc., Performance Resources NY, Inc., Princeton Information,

[PrO Unlimited, Inc.,] Royal Communications Consultants, The Walsh Associates, U.S.

Information Systems, and The Wellstone Group (collectively, the "Third-Party Defendants"),

allege as follows:

## NATURE OF ACTION

1.      This is a third-party complaint for indemnity and contribution.

2.      Each of the Third-Party Defendants is or may be liable to Goldman Sachs

for all or part of the claims asserted by Plaintiffs against Goldman Sachs in this lawsuit.

3.      A copy of the original Complaint in this lawsuit, dated May 27, 2010, is

attached hereto.

## PARTIES

4.      Upon information and belief, CIBER, Inc. is a Delaware corporation with

its principal place of business at 6363 South Fiddler's Green Circle, Suite 1400, Greenwood

Village, Colorado 80111.

5.    Upon information and belief, CIBER Inc. is a successor to Alpha Net Solutions, Inc. ("Alpha Net") and/or an assignee of Alpha Net's obligations under one or more written agreements with Goldman Sachs.

6.    Upon information and belief, The Computer Merchant, Ltd. is a Massachusetts corporation with its principal place of business at 95 Longwater Circle, Norwell, Massachusetts 02061.

7.    Upon information and belief, Interface Cable Assemblies and Services Corporation, also known, formerly known, and/or doing business as I.C.A.S., is a New York corporation with its principal place of business at 42-19 23rd Avenue, Long Island City, New York 11105.

8.    Upon information and belief, Leading Edge Communications Corporation is a New York corporation with its principal place of business at 100 Eagle Rock Avenue, East Hanover, New Jersey 07936.

9.    Upon information and belief, Key Systems is a New York corporation with its principal place of business at 936 Broadway, New York, New York 10010.

10.    Upon information and belief, KGM Consulting is a New Jersey corporation with its principal place of business at 30 Wall Street, Suite 1101, New York, New York 10005.

11.    Upon information and belief, MPL Systems, Inc. is a New Jersey corporation with its principal place of business at 95 Main Avenue, Clifton, New Jersey 07014.

12.     Upon information and belief, Paragon Solutions, Inc. is a New Jersey corporation with its principal place of business at 25 Commerce Drive, 2nd Floor, Cranford, New Jersey 07016.

13.     Upon information and belief, Paragon Solutions, Inc. is a successor to Paragon Computer Professionals, Inc. ("Paragon") and/or otherwise responsible for the obligations of Paragon under one or more written agreements between Paragon and Goldman Sachs.

14.     Upon information and belief, Performance Resources NY, Inc., also known, formerly known, and/or doing business as Performance Resources, is a New York corporation with its principal place of business at 76 North Broadway, Suite 2007, Hicksville, New York 11801.

15.     Upon information and belief, Princeton Information is a New York corporation with its principal place of business at Harborside Financial Center, 100 Plaza Ten, Suite 1101, Jersey City, New Jersey 07311.

16.     Upon information and belief, Princeton Information is a successor to Princeton Information Ltd. ("Princeton") and/or otherwise responsible for the obligations of Princeton under one or more written agreements between Princeton and Goldman Sachs.

17.     Upon information and belief, PrO Unlimited, Inc. is a New York corporation with its principal place of business at 301 Yamato Road, Suite 3199, Boca Raton, Florida 33431.

18.     Upon information and belief, Royal Communications Consultants, also known, formerly known, and/or doing business as Royal Communications, is a New York corporation with its principal place of business at 110 Wall Street, 14th Floor, New York, New York 10005.

19.     Upon information and belief, The Walsh Associates is a New York corporation with its principal place of business at 74 Trinity Place, 15th Floor, New York, New York 10006.

20.     Upon information and belief, U.S. Information Systems Inc., also known, formerly known, and/or doing business as U.S. Information Systems, is a New York corporation with its principal place of business at 35 West Jefferson Avenue, Pearl River, New York 10965.

21.     Upon information and belief, The Wellstone Group is a New York corporation with its principal place of business at 230 East 73rd Street, 9C, New York, New York 20021.

22.     Upon information and belief, The Wellstone Group is a successor to Wellstone Consultants Incorporated, Wellstone Consults Incorporated, and The Wellstone Group, LLC (collectively, "Wellstone") and/or otherwise responsible for the obligations of Wellstone under one or more written agreements between Wellstone and Goldman Sachs.

## JURISDICTION

23.    This Court has jurisdiction over the claims raised in this Third-Party Complaint, including pursuant to Federal Rule of Civil Procedure 14 and 28 U.S.C. § 1367.

## AS AND FOR A FIRST CLAIM

### (Indemnification)

24.    In this lawsuit, Plaintiffs seek to recover allegedly-owed overtime pay from Defendants, on the theory that they were employed by Goldman Sachs.

25.    Plaintiffs have sued under the Fair Labor Standards Act, the New York Labor Law, and the New Jersey Wage and Hour Law.

26.    Plaintiffs purport to bring claims on behalf of themselves and other allegedly similarly situated individuals (the "alleged class members").

27.    Each Third-Party Defendant (and/or one or more of its predecessor companies ("Predecessor Companies") or other entity whose contractual obligations vis-à-vis Goldman Sachs the Third-Party Defendant is responsible for ("Related Entities")) signed a written agreement with Goldman Sachs pursuant to which the Third-Party Defendant (or its Predecessor Companies and/or Related Entities) supplied contingent workers to work on Goldman Sachs premises.

28.    Each Third-Party Defendant (or its Predecessor Companies and/or Related Entities) employed one or more of the Plaintiffs and/or alleged class members and supplied such individuals to work on Goldman Sachs premises pursuant to the aforementioned written agreements.

29.     Each of the aforementioned written agreements contained an indemnification provision pursuant to which the Third-Party Defendants (or their Predecessor Companies and/or Related Entities) agreed to indemnify and hold Goldman Sachs harmless from and against, among other things, liabilities, damages, costs, losses and expenses, including court costs and reasonable attorneys' fees (collectively, "Losses"), arising from or relating to any claim, action, or proceeding commenced against Goldman Sachs alleging that the contingent workers supplied by the Third-Party Defendants (or their Predecessor Companies and/or Related Entities) are employees of Goldman Sachs.

30.     As noted above, Plaintiffs' claims in this lawsuit are premised on the allegation that Plaintiffs and the alleged class members are employees of Goldman Sachs.

31.     This lawsuit and the claims asserted herein fall within the scope of the indemnification agreements between Goldman Sachs and each of the Third-Party Defendants (or its Predecessor Companies and/or Related Entities).

32.     As a direct and proximate result of this lawsuit and the claims asserted herein, Goldman Sachs has incurred "Losses" within the meaning of the indemnification agreements between Goldman Sachs and the Third-Party Defendants (or their Predecessor Companies and/or Related Entities).

### AS AND FOR A SECOND CLAIM

**(Contribution)**

33.     Goldman Sachs repeats and restates each of the above allegations as if fully set forth herein.

34.     Each of the Third-Party Defendants (or its Predecessor Companies and/or Related Entities) employed one or more of the Plaintiffs and/or alleged class members throughout the relevant time periods.

35.     Because the Third-Party Defendants (or their Predecessor Companies and/or Related Entities) employed the Plaintiffs and/or the alleged class members throughout the relevant time periods, the Third-Party Defendants are liable, in whole or in part, for any wages, including overtime wages, owed to the Plaintiffs or the alleged class members.

36.     Because the Third-Party Defendants (or their Predecessor Companies and/or Related Entities) employed the Plaintiffs and/or the alleged class members throughout the relevant time periods, to the extent there is a determination that Goldman Sachs is liable in whole or in part for any damages in this lawsuit, including but not limited to overtime wages, interest, penalties, liquidated damages, costs, or expenses, the Third-Party Defendants are liable to Goldman Sachs for contribution, including under the common law, principles of equity and good conscience, and one or more of the statutes referenced in the Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Goldman Sachs respectfully demands that judgment be entered in its favor and against the Third-Party Defendants as follows:

1.     On its First Claim, in such amount, if any, as Goldman Sachs is determined to be liable to the Plaintiffs and/or the alleged class members.

2.    On its First Claim, in an amount equal to any other Losses (as defined above), including attorneys' fees, costs, and expenses, incurred by Goldman Sachs as a result of this lawsuit.

3.    On its Second Claim, for contribution to the amount, if any, that Goldman Sachs is determined to be liable to the Plaintiffs and/or the alleged class members, in such proportion or amount as may later be determined by the Court.

4.    Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       September 30, 2010

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:    _____
          M. Kirby C. Wilcox
          Allan S. Bloom
          Emily R. Pidot

       75 East 55th Street
       New York, New York 10022-3205
       (212) 318-6000
       allanbloom@paulhastings.com

       *Attorneys for Defendants and Third-Party Plaintiffs*
       GOLDMAN, SACHS & CO. and
       THE GOLDMAN SACHS GROUP, INC.

LEGAL_US_E # 89591143.2

-8-