UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT BARDOUILLE, VINCENT GUARINO, ANGELA MCCAIN, MICHAEL THORGERSEN, and STEVEN SCADUTO, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDMAN SACHS & CO., and GOLDMAN SACHS GROUP, INC.,<br><br>Defendants. | ECF CASE<br><br>Case No. 10-CV-4285 (WHP) (HBP)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 9/2/11 |

*CORRECTED* [PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, SCHEDULING OF A FINAL APPROVAL HEARING, AND RELATED RELIEF

The above-entitled matter came before the Court on Joint Motion for Preliminary Approval of Class Settlement, Scheduling of a Final Approval Hearing, and Related Relief ("Motion for Preliminary Approval").

I.  **Preliminary Approval of Settlement**

1.  Based upon the Court's review of the Memorandum of Law in Support of Joint Motion for Preliminary Approval of Class Settlement, Scheduling of a Final Approval Hearing, and Related Relief; the Declaration of Christopher Q. Davis ("Davis Declaration"); and all other papers submitted in connection with Motion for Preliminary Approval, the Court hereby grants preliminary approval of the settlement memorialized in the Settlement Agreement made by and between (1) plaintiffs Vincent Bardouille, Vincent Guarino, Angela McCain, and Michael Thorgersen ("Named Plaintiffs"), plaintiffs Irene Chieco, Victor A. Elumogo, Eleftherios N. Kavourgias, Bill Kontogiannis, Greg Meskouris, Cara Saiff, Linda Schlinger, and Man-Yip Yan

("Opt-In Plaintiffs," and with the Named Plaintiffs, "Plaintiffs"), and (2) defendants Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. (together, "Goldman Sachs"), dated July 27, 2011 and attached to the Davis Declaration as Exhibit 1 ("Settlement Agreement") and "so orders" all of its terms.

2.  The Court concludes that the Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 4082, 2010 WL 2945556, at *1 (S.D.N.Y. July 22, 2010).

3.  The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well versed in the prosecution of wage and hour class and collective actions.

4.  The assistance of an experienced class action employment mediator, Linda R. Singer, Esq., reinforces that the Settlement Agreement is non-collusive. *See, e.g., deMunecas v. Bold Food, LLC*, No. 09 Civ. 440, 2010 WL 2399345, at *1 (S.D.N.Y. Apr. 19, 2010) (granting preliminary approval to settlement that resulted from mediation overseen by Linda R. Singer).

## II. Conditional Certification of the Proposed FRCP 23 Settlement Class

5.  Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, et al., 2009 WL 6615729, at *4 (S.D.N.Y. Nov. 27, 2009).

6.  The Court provisionally certifies the class of 79 individuals identified on Exhibit B of the Settlement Agreement (each a "Class Member" and, collectively, the "Class") for purposes of Federal Rule of Civil Procedure ("FRCP") 23.

7.  Plaintiffs meet all of the requirements for class certification under FRCP 23(a) and (b)(3) for the purposes of settlement of this case.

   a.  Plaintiffs satisfy FRCP 23(a)(1) because there are approximately 79 Class Members and joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.").

   b.  Plaintiffs satisfy FRCP 23(a)(2) because Plaintiffs and the Class Members share common issues of fact and law, including whether they were denied overtime wages in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"); the New York Labor Law, Ch. 31 of the Consolidated Laws of New York; and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-4.1 *et seq.*, all as amended, and whether Goldman Sachs is responsible for such overtime wages. *See Diaz*, 2010 WL 2945556, at *1 (FRCP 23(a)(2) satisfied where common issues included whether defendants failed to pay plaintiffs and class members overtime wages); *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, et al., 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy FRCP 23 commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek").

   c.  Plaintiffs satisfy FRCP 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Class Members' claims. *See Diaz*, 2010 WL 2945556, at *2 ("Plaintiffs satisfy [FRCP] 23(a)(3) because Plaintiff's claims arise from the same factual and legal circumstances that form the bases of the class members' claims."); *Clark*, 2009 WL 6615729, at *5 (same); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 182 (W.D.N.Y. 2005) (class members satisfied the typicality requirement where "all class members . . . allege that Kodak failed to pay them . . . overtime wages for hours worked in excess of forty per week during the relevant time period").

    d. Plaintiffs satisfy FRCP 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with Class Members' interests. *See Diaz*, 2010 WL 2945556, at *2 (adequacy satisfied where Plaintiff's interests were not antagonistic or at odds with class members' interests); *Clark*, 2009 WL 6615729, at *5 (same); *see also Dziennik v. Sealift, Inc.*, No. 05 Civ. 4659, 2007 WL 1580080, at *6 (E.D.N.Y. May 29, 2007) ("[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status.") (*quoting Martens v. Smith Barney Inc.*, 181 F.R.D. 243, 259 (S.D.N.Y. 1998)) (internal quotation marks omitted). Plaintiffs' counsel meet the adequacy requirement of FRCP 23(a)(4) because they have "an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area." *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008) (Lynch, J.).

    e. Plaintiffs also satisfy FRCP 23(b)(3). Here, Class Members allege common factual allegations and common legal theories—that they were denied overtime wages in violation of the above-mentioned federal, New York, and New Jersey laws, and that Goldman Sachs is responsible for such overtime wages. 34:11-4.1 *et seq.*, all as amended, and whether Goldman Sachs is responsible for such overtime wages—predominate over any factual or legal variations among class members. *See Clark*, 2009 WL 6615729, at *5 (common factual allegations and common legal theory predominate over factual and legal variations among class members in wage and hour misclassification case); *Torres v. Gristede's Corp.*, No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006), at *16 (plaintiffs "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages"). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more

efficient for class members, particularly those who lack the resources to bring their claims individually. *See Damassia*, 250 F.R.D. at 161, 164.

### III. Conditional Certification of the Settlement Class Under the FLSA

7.  The Court also provisionally certifies the Class for purposes of the FLSA.

8.  Section 216(b) of the FLSA provides that plaintiffs must be "similarly situated" in order to pursue an FLSA collective action. See 29 U.S.C. § 216(b).

9.  The Court finds that the Named Plaintiffs are "similarly situated" to the Class Members for purposes of the settlement of the FLSA claims.

10. For the reasons set forth above (in the discussion regarding the propriety of certifying a class under FRCP 23), the Court has ample basis to certify the Class under the FLSA for the purposes of this settlement.

### IV. Supplemental Jurisdiction Exists Over Plaintiffs' and the Class Members' State Law Claims, and Participating Class Members Will Release FLSA and State Law Claims

11. The Court may properly oversee a release by Participating Class Members (*i.e.*, those Class Members who do not "opt out" of the Settlement, as defined in the Settlement Agreement) of FLSA and state law wage and hour claims. *See, e.g., Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 163 (S.D.N.Y. 2008) ("It is true that potential class members who do not opt out of the class action could have "all claims that could have been brought in that action, including any FLSA claim, resolved by res judicata without opting in to the FLSA action."...However, as in any Rule 23(b)(3) class action, potential class members who want to control their own litigation, and to avoid being bound by the judgment in the class action, are free to opt out of the class.); *Guzman v. VLM, Inc.*, No. 07-CV-1126 (JG) (RER), 2008 WL 597186, at *10 n.11 (E.D.N.Y. Mar. 2, 2008) ("I fail to grasp the significance of the defendants' claim that principles of res judicata could lead an absent Rule 23 class member's FLSA claim to

5

be finally resolved even though the plaintiff fails to opt in to the FLSA collective action. The defendants, apparently in an abundance of concern for the rights of absent Rule 23 class members, are worried that someone who fails to opt out of the Rule 23 class action will have all claims that could have been brought in that action, including any FLSA claim, resolved by res judicata without opting in to the FLSA action. But principles of res judicata apply to any class action, whether it contains a simultaneous FLSA claim or not.").

12. The Court exercises supplemental jurisdiction over Plaintiffs' and the Class Members' New York and New Jersey claims and approves the release of such claims, together with FLSA claims, by Participating Class Members, as described in Section IX of the Settlement Agreement.

### V. Appointment of Plaintiffs' Counsel as Class Counsel

13. The Court appoints The Ottinger Firm, PC as counsel for the Class ("Class Counsel") because the firm meets all of the requirements of FRCP 23(g). *See Damassia*, 250 F.R.D. at 165 (explaining that FRCP 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

14. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the Class Members' claims.

15. Class Counsel has extensive experience prosecuting and settling nationwide wage and hour class and collective actions and is well-versed in wage and hour and class action law. The work that Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

## VI.  Notice

16. The Court approves the Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval ("Notice") attached as Exhibit D to the Settlement Agreement.

17. The content of the Notice fully complies with due process and with FRCP 23.

18. Pursuant to FRCP 23(c)(2)(B), a notice to class members must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language:
>
> (i)     the nature of the action;
> (ii)    the definition of the class certified;
> (iii)   the class claims, issues, or defenses;
> (iv)    that a class member may enter an appearance through counsel if the member so desires;
> (v)     that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and
> (vi)    the binding effect of a class judgment on class members under [FRCP] 23(c)(3).

FRCP 23(c)(2)(B).

19. The Notice satisfies each of these requirements and adequately puts FRCP 23 Class Members on notice of the proposed settlements. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Notice is appropriate because it describes the terms of the settlements, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

20. The Notice also satisfies the requirements of the FLSA. Section 216(b) of the FLSA states in relevant part that:

> [a]n action . . . may be maintained . . . in any Federal or State court

>of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

21. To serve the "broad remedial purpose" of the FLSA, courts can order notice to other potentially similarly situated individuals to inform them of their right to "opt in" to the lawsuit. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989).

22. In *Hoffmann-La Roche*, the Supreme Court held that the benefits to the judicial system of collective actions "depend upon employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." 493 U.S. at 170. District courts are encouraged to become involved in the notice process early, to ensure "timely, accurate, and informative" notice and to help facilitate the litigation moving forward. *Id.* at 171-72.

23. For the reasons set forth above, the Court approves the Notice for purposes of the FLSA.

**VII.     Class Action Settlement Procedure**

24. The Court hereby adopts the following settlement approval process:

    a.    The Court hereby appoints Rust Consulting as the settlement administrator in this case ("Settlement Administrator").

    b.    Within thirty (30) days of the entry of this Order, the Settlement Administrator shall send a Notice to each Class Member by first class mail. The Settlement Administrator shall include with each such Notice a Claim Form and an Election Not to Participate in Settlement, as described in and attached to the Settlement Agreement.

    d.    Class Members shall have sixty (60) days after the date the Notices are mailed to opt in, opt out, and/or object to the Settlement, as described in the Settlement Agreement.

e.   Goldman Sachs shall have the right to reject the Settlement as set forth in Section VIII of the Settlement Agreement.

f.   Assuming Goldman Sachs has not exercised its right to reject the Settlement, the Court will hold a Final Approval Hearing on ___December 16, 2011___ at ___10:00 AM___ at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, Courtroom 11C.

g.   Within ten (10) days in advance of the Final Approval Hearing, the parties jointly will submit a motion for judgment and final approval of the Settlement and a proposed order (i) approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions; (ii) approving Class Counsel's application for an award of attorneys' fees and expenses; (iii) approving the Enhancement Payments described in the accompanying memorandum of law; (iv) certifying the Class for Settlement purposes; (v) dismissing this lawsuit on the merits and with prejudice and permanently barring all Participating Class Members from prosecuting against the Released Parties any and all Released Claims arising during the Class Period; and (vi) permanently barring Plaintiffs who receive Enhancement Payments from prosecuting against the Released Parties any and all Released Claims arising before or on the date of Final Approval.

h.   The date of Final Approval (*i.e.*, the effective date of the Settlement) shall be the latest of the dates on which the Settlement has been finally approved by the Court and either (a) upon timely appeal or appeals, the United States Court of Appeals for the Second Circuit and/or the United States Supreme Court, has declined to consider, affirmed or otherwise approved the Court's final approval and the applicable date for seeking further appellate review has passed; or (b) the applicable date for seeking appellate review of the Court's final approval of the Settlement has passed without a timely appeal or request for review having been made.

i.   Within five (5) calendar days following Final Approval, Defendants will fund the Settlement either directly, through the Settlement Administrator, or by funding a Qualified Settlement Fund.

j.   Settlement payments (including Enhancement Payments) calculated in accordance with the Settlement Agreement will be mailed to each Participating Class Member who has submitted a timely and valid Claim Form pursuant to this Settlement Agreement, by check issued by the Settlement Administrator, within twenty (20) calendar days following Final Approval. Payment of Class Counsel's attorneys' fees and expenses also will be mailed to Class Counsel within twenty (20) calendar days following Final Approval.

  k. The Court hereby approves the remainder of the terms, conditions, and procedures described in the Settlement Agreement.

It is so ORDERED this 2 day of September, 2011

_____
Honorable William H. Pauley III
United States District Judge

LEGAL_US_E # 94562421.2