UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/11
```

VINCENT BARDOUILLE, VINCENT GUARINO,
ANGELA MCCAIN, MICHAEL THORGERSEN and
STEVEN SCADUTO, individually and on behalf of all
others similarly situated,

                                    Plaintiffs,

                    vs.

GOLDMAN SACHS & CO. and GOLDMAN SACHS
GROUP, INC.

                                    Defendants.

10 Civ. 4285 (WHP) (HBP)

**STIPULATION AND ORDER**

WHEREAS, on or about May 27, 2010, Plaintiffs Vincent Bardouille, Vincent

Guarino, Angela McCain, Steven Scaduto, and Michael Thorgersen filed a putative class and

collective action Complaint in this Court alleging, *inter alia,* that Defendants violated the Fair

Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), by failing to pay overtime

compensation;

WHEREAS, Plaintiffs asserted certain claims on behalf of themselves and on

behalf of a proposed opt-in "class" defined to include certain individuals who perform and/or

performed services for Defendants;

WHEREAS, Ki Sung ("Sung") opted in to this action by filing a consent to

become a party plaintiff on or about December 6, 2010;

WHEREAS, the Court has not certified a class;

WHEREAS, neither the Court nor any party or counsel has issued any notice to the proposed class;

WHEREAS, Sung and Defendants desire to amicably resolve Sung's claims in this lawsuit;

WHEREAS, Sung and Defendants, after fair, informed, and impartial negotiations, have reached a settlement that contains a release of Sung's claims in this lawsuit;

WHEREAS, the parties hereby agree and represent that: (a) Sung and Defendants were represented by able counsel; (b) Sung entered into the settlement voluntarily; (c) the settlement does not purport to prejudice or affect the rights of any other individuals, including the putative class members, in any manner; and (d) the terms of the settlement are embodied in a detailed agreement that Sung and Defendants have executed;

WHEREAS, the parties are prepared to submit for the Court's confidential review a copy of their settlement agreement, at such time and in such manner as the Court may deem appropriate and convenient (provided that the agreement is not publicly filed or disclosed);

WHEREAS, the FLSA provides that a release of FLSA claims is not binding without judicial or U.S. Department of Labor supervision; and

WHEREAS, each of Sung and Goldman Sachs has authorized his or its respective undersigned counsel to enter into this Stipulation on his or its behalf.

NOW, THEREFORE,

IT IS HEREBY STIPULATED AND AGREED that, in accordance with Section 216(b) of the FLSA, Sung's claims against Goldman Sachs may and should be dismissed with prejudice, without notice being given or disseminated to any members of the proposed class described in the Complaint.

IT IS HEREBY ORDERED that the Court approves the agreement to settle and resolve Sung's claims in the above-captioned lawsuit; and

IT IS FURTHER ORDERED that Sung's claims against Goldman Sachs in the above-captioned lawsuit are hereby dismissed with prejudice and without costs as against any party.

Dated: New York, New York
      August 1, 2011

THE OTTINGER FIRM, P.C.

/S/
_____
By:    Robert Ottinger
       Christopher Q. Davis

19 Fulton Street, Suite 408
New York, New York 10038
(212) 571-2000
chris@ottingerlaw.com

*Attorneys for Plaintiffs*
*(including Ki Sung)*

DATED:    10/25/2011
          _____

PAUL, HASTINGS, JANOFSKY & WALKER LLP

/S/
_____
By:    M. Kirby C. Wilcox
       Allan S. Bloom

75 East 55th Street
New York, New York 10022
(212) 318-6000
allanbloom@paulhastings.com

*Attorneys for Defendants*

SO ORDERED

_____
Hon. William H. Pauley, III
U.S.D.J.

LEGAL_US_E # 93252208.5