Robert Ottinger
Christopher Q. Davis
Denise Rubin Glatter
THE OTTINGER FIRM, P.C.
19 Fulton Street, Suite 408
New York, New York 10038
(212) 571-2000
*Attorneys for Plaintiffs*

M. Kirby C. Wilcox
Allan S. Bloom
Emily R. Pidot
PAUL HASTINGS LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VINCENT BARDOUILLE, VINCENT GUARINO, ANGELA MCCAIN, MICHAEL THORGERSEN, and STEVEN SCADUTO, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDMAN SACHS & CO., and GOLDMAN SACHS GROUP, INC.,<br><br>Defendants. | ECF CASE<br><br>Case No. 10-CV-4285 (WHP) (HBP) |

**NOTICE OF PLAINTIFF'S MOTION FOR CERTIFICATION OF SETTLEMENT CLASS, FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND APPROVAL OF FLSA SETTLEMENT**

For the reasons set forth in the Memorandum of Law in Support of Plaintiff's Motion for Certification of Settlement Class, Final Approval of Class Action Settlement, and Approval of FLSA Settlement ("Motion for Final Approval"), the Declaration of Christopher Q. Davis in Support of Plaintiff's Motion for Final Approval ("Davis Decl."), and the supporting exhibits attached thereto, Plaintiff respectfully requests that the Court enter an Order:

(1) certifying pursuant to FRCP 23(a) and (b)(3) for purposes of effectuating the settlement a class of the 75 individuals listed in Exhibit D to the Declaration of Stacy Roe (Re Settlement Administration) who appear from the records available to the Parties following diligent discovery to have worked overtime hours during the Class Period for which they did not receive overtime pay, who have not opted out of the Settlement by filing an Exclusion Form, and who most closely fit the proposed class definition from the Complaint of "[a]ll persons . . . paid on an hourly basis and contracted through an independent agency to work in [Defendants'] Technology Division, including, but, not limited to, Network Technicians and IT Consultants, at any point during" the Class Period.

(2) granting final approval of the *CORRECTED* Settlement Agreement, attached as Exhibit A to the Davis Declaration;

(3) granting approval of the FLSA settlement; and

(4) granting such other, further, or different relief as the Court deems just and proper.

*   *   *

Plaintiff has contemporaneously submitted a Proposed Order, attached hereto as **Exhibit A**, for the court's convenience

Dated: January 10, 2012
      New York, New York

                                      Respectfully submitted,
                                      THE OTTINGER FIRM, P.C.

                                      */s/ Christopher Q. Davis*_____
                                      Christopher Q. Davis

                                      Robert Ottinger
                                      Christopher Q. Davis
                                      Denise Rubin Glatter
                                      19 Fulton St., Suite 408
                                      New York, NY 10038
                                      Telephone: (212) 571-2000

                                      **Attorneys for Plaintiffs and the Class**

# EXHIBIT A

Case 1:10-cv-04285-WHP-HBP   Document 181   Filed 01/10/12   Page 3 of 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT BARDOUILLE, VINCENT GUARINO, ANGELA MCCAIN, MICHAEL THORGERSEN, and STEVEN SCADUTO, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDMAN SACHS & CO., and GOLDMAN SACHS GROUP, INC.,<br><br>Defendants. | ECF CASE<br><br>Case No. 10-CV-4285 (WHP) (HBP) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTIONS FOR CERTIFICATION OF SETTLEMENT CLASS, FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND APPROVAL OF FLSA SETTLEMENTS, APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS IN THE FORM OF ENHANCEMENT PAYMENTS**

On May 27, 2010, Named Plaintiffs[1] commenced this Action against Defendants as a "hybrid collective and class action" on behalf of themselves and others similarly situated under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"); the New York Labor Law, Ch. 31 of the Consolidated Laws of New York; and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-4.1 *et seq.*, all as amended. Each of the Plaintiffs is a former New York and/or New Jersey employee of vendors who supplied staffing to Defendants' Technology Infrastructure organization at relevant times within the Class Period. (DE-1). The Named Plaintiffs allege that they and similarly situated individuals were denied overtime wages in violation of the above-mentioned federal, New York, and New Jersey laws, and that Defendants are responsible for such overtime wages.

---

[1] The Named Plaintiffs are Vincent Bardouille, Vincent Guarino, Angela McCain, and Michael Thorgersen, and the Opt-In Plaintiffs are Irene Chieco, Victor A. Elumogo, Eleftherios N. Kavourgias, Bill Kontogiannis, Greg Meskouris, Cara Saiff, Linda Schlinger, and Man-Yip Yan (collectively, "Plaintiffs").

The Complaint sought, *inter alia*, certification of this Action as a "collective action" under the FLSA and as a "class action" under Federal Rule of Civil Procedure ("FRCP") 23 and state law, and seeks compensatory damages, liquidated damages, interest, penalties, injunctive relief, and reasonable attorneys' fees and costs.  On July 16, 2010, Defendants filed their Answer disputing the material allegations in the Complaint and denying any liability in the class and collective action. (DE-19).

After substantial discovery, including: (1) the exchange of thousands of documents; (2) fifteen (15) depositions of Plaintiffs and of representatives of Defendants; (3) thorough investigation by Class Counsel and the Named Plaintiffs; and (4) mediation and extensive negotiations, the Parties entered into the proposed Settlement Agreement. The Settlement Agreement provides for payment by Defendants to the Class Members, Class Counsel, and the Settlement Administrator, in the total amount of $993,841.00.

The Parties reached the Settlement Agreement after an arm's-length mediation held in March 2011 with an experienced wage and hour class action mediator, the Parties negotiated and entered into the Settlement Agreement.  The Settlement Agreement resolves all claims alleged in the Complaint, provides meaningful benefits to Class Members, and satisfies all of the "fairness" criteria for preliminary approval.

On August 1, 2011, the parties jointly moved for preliminary approval of the class settlement, scheduling a fairness hearing, and related relief, including, appointment of Plaintiffs' counsel as class counsel and approval of the proposed notice of settlements. (DE-130-135)  After the parties corrected their initial submission, including correcting the number of members of the class, the Court granted the parties' joint motion and approved a revised version of the Class Notice on September 2, 2011.  (DE-137)

Rust Consulting, Inc., a third-party Claims Administrator mailed the Class Notices to Class Members on November 2, 2011.  The Class Notice informed Class Members them of their right to submit a Claim Form, opt out of, or object to the settlements and of Class Counsel's intention to

seek a service award of $20,000 each (in the form of Enhancement Payments) for certain of the Plaintiffs, to seek 33.3% of the settlement fund for Class Counsel's attorneys' fees, as well as their out-of-pocket expenses.  Out of a class of (seventy-nine) 79 current and former employees of vendors who supplied staffing to Defendants' Technology Infrastructure organization, forty-one (41) returned claim forms, no one has objected, and only four (4) have opted out of the Settlement by submitting an Exclusion Form to reach the Class of seventy-five (75) individuals identified in Exhibit D to the Declaration of Stacy Roe (Re Settlement Administration) ("Roe Decl.").  These seventy-five (75) individuals appear from the records available to the Parties following diligent discovery to have worked overtime hours during the Class Period for which they did not receive overtime pay, who have not opted out of the Settlement by filing an Exclusion Form, and who most closely fit the proposed class definition from the Complaint of "[a]ll persons . . . paid on an hourly basis and contracted through an independent agency to work in [Defendants'] Technology Division, including, but, not limited to, Network Technicians and IT Consultants, at any point during" the Class Period..

On January 10, 2012, Plaintiffs filed their Motion for Certification of Settlement Class, Final Approval of Class Action Settlement, and Approval of FLSA Settlement ("Motion for Final Approval").  The same day, Plaintiffs also filed their Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and their Motion for Class Representative Service Award in the Form of Enhancement Payments("Motion for Service Award").  Defendants did not oppose these motions.

The Court held a fairness hearing on January 20, 2012.  Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, the Motion for Service Award, the supporting declarations, and the complete record in this matter, for good cause shown,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**Approval of the Settlement Agreements**

1. The Court hereby grants the Motion for Final Approval and approves the settlement as set forth in the Settlement Agreement and this Order under Federal Rule of Civil Procedure 23.

2. Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). To determine whether a settlement is procedurally fair, courts examine the negotiating process leading to the settlement. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001). To determine whether a settlement is substantively fair, Courts determine whether the settlement's terms are fair, adequate, and reasonable according to the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

3. Courts examine procedural and substantive fairness in light of the "strong judicial policy favoring settlements" of class action suits. *Wal-Mart Stores*, 396 F.3d at 116; *see also Spann v. AOL Time Warner, Inc.*, No. 02 Civ. 8238, 2005 WL 1330937, at *6 (S.D.N.Y. June 7, 2005) ("[P]ublic policy favors settlement, especially in the case of class actions."). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007).

4. "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery." *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2010 WL 1948198, at *4 (S.D.N.Y. May 11, 2010) (internal quotation marks and citation omitted). The Court gives weight to the parties' judgment that the settlements are fair and reasonable. *See Torres v. Gristede's Operating Corp.*,

No. 04 Civ. 3316, No. 08 Civ. 8531, No. 08 Civ. 9627, 2010 WL 5507892, at *3 (S.D.N.Y. Dec. 21, 2010); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 4082, 2010 WL 5507912, at *3 (S.D.N.Y. Nov. 29, 2010); *Clark*, 2010 WL 1948198, at *4.

### *Procedural Fairness*

5.   The settlements are procedurally fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (citing *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)). Here, the settlements were reached after Class Counsel had conducted a thorough investigation and evaluated the claims and after extensive negotiations between the parties. Class Counsel engaged in necessary efforts to obtain pay and time records that would enable Class Counsel to perform accurate damages calculations. Class Counsel was able to extrapolate to perform damages calculations based on the records Defendants were able to provide. Class Counsel interviewed Plaintiffs and obtained and reviewed hundreds of pages of documents from Plaintiff and the opt-ins. The Parties also conducted fifteen (15) depositions. From these sources, Class Counsel was able to evaluate the strengths and weaknesses of Plaintiff's claims.

6.   To help resolve the case, the parties enlisted the services of experienced, an experienced wage and hour class action mediator, Linda Singer. Arm's-length negotiations involving counsel and a mediator raise a presumption that the settlements they achieved meets the requirements of due process. *See Wal-Mart Stores*, 396 F.3d at 116; *Torres*, 2010 WL 5507892, at *4; *Diaz*, 2010 WL 5507912, at *4.

### *Substantive fairness*

7.   The settlements are substantively fair. All of the factors set forth in *City of Detroit.*, 495 F.2d at 463 which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval.

8. The "*Grinnell* factors" are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

9. Litigation through trial would be complex, expensive, and long. Therefore, the first *Grinnell* factor weighs in favor of final approval.

10. The Class's reaction to the settlements was positive. The Notice included an explanation of the allocation formula and an estimate of each class member's award. The Notice also informed class members that the need to submit a Claim Form, their right object to or exclude themselves from the settlements, and explained how to do so.

11. None one of the seventy-nine (79) Class Members submitted a timely objection to the Settlement, only four have requested exclusion, and forty-one (41) submitted Claim Forms. This favorable response recommends final approval. "The fact that the vast majority of class members neither objected nor opted out is a strong indication" of fairness. *Wright v. Stern*, 553 F. Supp. 2d 337, 344-45 (S.D.N.Y. 2008) (approving settlement where 13 out of 3,500 class members objected and 3 opted out); *see also Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *4 (E.D.N.Y. Feb. 18, 2011) (approving settlement where only 7 of 2,025 class member submitted timely objections and only 2 requested exclusion).

12. Therefore, the second *Grinnell* factor weighs in favor of final approval.

13. The parties have completed enough discovery to recommend settlement. The pertinent question is "whether counsel had an adequate appreciation of the merits of the case

before negotiating." *Torres*, 2010 WL 5507892, at *5 (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004)). Here, over the course of a year and a half, Plaintiffs obtained substantial informal discovery, including both documentary evidence, deposition testimony, and data on Class Members' damages. The third *Grinnell* factor weighs in favor of final approval.

14. The risk of establishing liability and damages further weighs in favor of final approval. "Litigation inherently involves risks." *In re Painewebber Ltd. P'ships Litig.,* 171 F.R.D. 104, 126 (S.D.N.Y. 1997). One purpose of a settlement is to avoid the uncertainty of a trial on the merits. *In re Ira Haupt & Co.,* 304 F. Supp. 917, 934 (S.D.N.Y. 1969). Here, the fact-intensive nature of Plaintiffs claims and Defendants' defenses thereto presents risk. The settlements eliminate this uncertainty. The fourth *Grinnell* factor weighs in favor of final approval.

15. The risk of obtaining and maintaining class status throughout trial also weighs in favor of final approval. A motion to decertify the class would likely require extensive discovery and briefing, possibly followed by an appeal, which would require additional rounds of briefing. Settlement eliminates the risk, expense, and delay inherent in this process. The fifth *Grinnell* factor weighs in favor of final approval.

16. The risk of collection weighs in favor of final approval. The settlements eliminated the risk of collection, as Defendants have already deposited the fund into an escrow account. Accordingly, the sixth *Grinnell* factor favors final approval.

17. The substantial amount of the settlements weighs strongly in favor of final approval. The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d at 178). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs

necessarily inherent in taking any litigation to completion.'" *Id.* (quoting *Newman v. Stein,* 464 F.2d 689, 693 (2d Cir. 1972)).  The seventh Grinnell factor favors final approval.

**Approval of FLSA Settlements**

18.   The Court hereby approves the FLSA settlements.

19.   The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement.  *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984); *Torres*, 2010 WL 5507892, at *6; *Clark*, 2010 WL 1948198, at *7.

20.   Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes.  *Clark*, 2010 WL 1948198, at *7; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982).  "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement."  *Torres*, 2010 WL 5507892, at *6 (quoting *deMunecas v. Bold Food, LLC,* No. 09 Civ. 440, 2010 WL 3322580, at *6 (Aug. 23, 2010)).  If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.  *Lynn's Food Stores*, 697 F.3d at 1354; *Clark*, 2010 WL 1948198, at *7.

21.   The Court finds that the FLSA settlements were the result of contested litigation and arm's length negotiation.

**Dissemination of Notice**

22.   Pursuant to the Preliminary Approval Order, the Class Notice was sent by first-class mail to each identified Class Member at his or her last known address (with re-mailing of returned Class Notices).  (Davis Decl., Ex. D (Roe Decl. ¶¶ 8-10.)  This Court finds that the Class Notice fairly and adequately advised Class Members of the terms of the settlements, the need to return a Claim Form, the right of Class Members to opt out of the class, to right to object to the settlements, and to appear at the fairness hearing conducted on January 20, 2012.  Class Members

were provided the best notice practicable under the circumstances.  The Court further finds that the Class Notice and distribution of such Class Notice comported with all constitutional requirements, including those of due process.

**Award of Fees and Costs to Class Counsel and Award of Service Award to Named Plaintiff**

23. On September 2, 2011, the Court appointed The Ottinger Firm, P.C. as Class Counsel because they met all of the requirements of Federal Rule of Civil Procedure 23(g). (DE-137).

24. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the Class Members' claims.

25. Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law.  Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law.  See Davis Decl. in Support of Motion for Attorneys' Fees.

26. The work that Class Counsel have performed in litigating and settling this case demonstrates their commitment to the Class and to representing the Class's interests.  Class Counsel have committed substantial resources to prosecuting this case.

27. The Court hereby grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel $331,247 in attorneys' fees or 33.3% of the Settlement Payment.

28. The Court finds that the amount of fees requested is fair and reasonable using the "percentage-of-recovery" method, which is consistent with the "trend in this Circuit." See *McDaniel v. Cty. Of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010); *Diaz*, 2010 WL 5507912, at *7-8 (following percentage-of-the-fund method); *deMunecas*, 2010 WL 3322580, at * 8-9 (same); *Clark*, 2010 WL 1948198, at *8-9 (same); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 WL 5841177, at *4 (S.D.N.Y. May 28, 2009) (same); *Strougo ex rel. Brazilian Equity*

*Fund, Inc. v. Bassini*, 258 F. Supp. 2d 254, 261-62 (S.D.N.Y. 2003) (collecting cases adopting the percentage-of-the-fund method); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 483-85 (S.D.N.Y. 1998) (same).

29.     In wage and hour class action lawsuits, public policy favors a common fund attorneys' fee award. *See Frank*, 228 F.R.D. at 189. Where relatively small claims can only be prosecuted through aggregate litigation, "private attorneys general" play an important role. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980). Attorneys who fill the private attorney general role must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. *Goldberger v. Integrated Res. Inc.*, 209 F.3d 43, 51 (2d Cir. 2000) (commending the general "sentiment in favor of providing lawyers with sufficient incentive to bring common fund cases that serve the public interest"). Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA and the NYLL. *See Braunstein v. E. Photo. Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1975), *cert. denied*, 441 U.S. 944 (1979) (discussing remedial purpose of FLSA); *Ramos v. Marksue Realty Corp.*, 586 F. Supp. 488, 492 (S.D.N.Y. 1984) (discussing remedial purpose of NYLL); *Samiento v. World Yacht Inc.*, 883 N.E.2d 990, 994 (N.Y. 2008) (discussing remedial purpose of NYLL).

30.     Class Counsel's request for 33.3% of the fund is reasonable and "consistent with the norms of class litigation in this circuit." *Diaz*, 2010 WL 5507912, at *7 (quoting *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 WL 782596, at *5 (S.D.N.Y. Mar. 24, 2008)); *see also deMunecas*, 2010 WL 3322580, at *8 (granting class counsel 33% of settlement fund in wage and hour class action); *Clark*, 2010 WL 1948198, at *8-9 (awarding class counsel one-third of settlement fund in wage and hour class action); *Duchene v. Michael Cetta, Inc.*, No. 06 Civ. 4576, 2009 WL 5841175, at *3 (S.D.N.Y. Sept. 10, 2009) (awarding class counsel 32.2% of $3,150,000 fund in FLSA and NYLL case); *Mohney v. Shelly's Prime Steak, Stone Crab &*

*Oyster Bar*, No. 06 Civ. 4270, 2009 WL 5851465, at *5 (S.D.N.Y. Mar. 31, 2009) (awarding 33% of $3,265,000 fund in FLSA and NYLL case); *Stefaniak v. HSBC Bank USA, N.A.*, No. 05 Civ. 720S, 2008 WL 7630102, at *3 (W.D.N.Y. June 28, 2008) (awarding 33% of $2.9 million fund in FLSA and NYLL case); *Maley v. Del Global Tech. Co.* No. 00 Civ. 8495, 186 F. Supp. 2d 358, 370 (awarding 33 1/3% fee on fund valued at $11.5 million); *Cohen v. Apache Corp.*, No. 89 Civ. 0076, 1993 WL 126560, at *1 (S.D.N.Y. Apr. 21, 1993) (awarding 33 1/3% of the $6.75 million fund).

31. Class Counsel risked time and effort and advanced costs and expenses, with no ultimate guarantee of compensation. A percentage-of-recovery fee award of 33.3% is consistent with the Second Circuit's decision in *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, where the Court held that a "presumptively reasonable fee" takes into account what a "reasonable, paying client" would pay. 493 F.3d 110, 111-12 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008). While *Arbor Hill* is not controlling here because it does not address a common fund fee petition, it supports a 33.3% recovery in a case like this one where Class Counsel's fee entitlement is entirely contingent upon success. *Diaz*, 2010 WL 5507912, at *7; *Clark*, 2010 WL 1948198, at *9.

32. All of the factors in *Goldberger v. Integrated Res. Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) weigh in favor of a fee award of 33.3% of the fund.

33. The fact that Class Counsel's fee award will not only compensate them for time and effort already expended, but for time that they will be required to spend administering the settlement going forward also supports their fee request. *Diaz*, 2010 WL 5507912, at *7; *Clark*, 2010 WL 1948198, at *9.

34. The Court also awards Class Counsel reimbursement of their litigation expenses

in the amount of $36,480.82, which the Court deems to be reasonable. Courts typically allow counsel to recover their reasonable out-of-pocket expenses. *See In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (citing *Miltland Raleigh-Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993)).

35. The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid from the settlement fund.

**Service Awards (in the form of Enhancement Payments**

36. The Court finds reasonable service awards in the form of Enhancement Payments of $20,000 each for five of the Plaintiffs, Vincent Bardouille, Vincent Guarino, Angela McCain, Irene Chieco, and Michael Thorgersen (the "Five Plaintiffs")  This amount shall be paid from the Settlement Payment.

37. Such service awards are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by plaintiffs. *See Torres*, 2010 WL 5507892, at *8 (finding reasonable service awards of $15,000 to each of 15 named plaintiffs); *Clark*, 2010 WL 1948198, at *9 (granting service awards of $10,000 to each of 7 named plaintiffs); *see also Roberts v. Texaco, Inc.,* 979 F. Supp. 185, 200-01 (S.D.N.Y. 1997) ("The guiding standard in determining an incentive award is broadly stated as being the existence of special circumstances including the personal risk (if any) incurred by the plaintiff-applicant in becoming and continuing as a litigant, the time and effort expended by that plaintiff in assisting in the prosecution of the litigation or in bringing to bear added value (e.g., factual expertise), any other burdens sustained by that plaintiff in lending himself or herself to the prosecution of the claims, and, of course, the ultimate recovery.").

**Conclusion**

38.     The "Final Approval" of the Settlement shall be 31 days after the date of this Order if no party appeals this Order.  If a party appeals this Order, the "Final Approval" of the settlements shall be the day after all appeals are finally resolved. (Settlement Agreement ¶ 10).

39.     Within 5 calendar days of the Final Approval, Defendants will fund the Settlement either directly, through the Claims Administrator, or by funding a Qualified Settlement Fund.

40.     Settlement Shares and Enhancement Payments will be mailed to Class Members within twenty (20) days following Final Approval.  (Settlement Agreement ¶ 33).

41.     Payment of Class Counsel's Attorneys' Fees in the sum of $331,247 and reimbursement of Class Counsel's costs in the sum of $36,480.82 will also be mailed to Class Counsel within twenty days following Final Approval. (Settlement Agreement ¶ 33).

42.     Payment to Rust Consulting, Inc., the Settlement Administrator, for its fee shall not exceed $20,000 and shall also be made within twenty (20) days following Final Approval.

43.     Payment of the remainder of the money of the Settlement Payment to Class Members in accordance with the allocation plan described in the Settlement Agreement shall also occur within twenty (20) days following Final Approval.

44.     The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreements.  The parties shall abide by all terms of the Settlement Agreements and this Order.

It is so ORDERED this ____ day of _____, 2012.

_____
Honorable William H. Pauley, III
United States District Judge