<u>EXHIBIT A</u>

<u>*CORRECTED* SETTLEMENT AGREEMENT</u>

This Settlement Agreement ("Agreement") is made by and between (1) plaintiffs Vincent Bardouille, Vincent Guarino, Angela McCain, and Michael Thorgersen ("Named Plaintiffs"), plaintiffs Irene Chieco, Victor A. Elumogo, Eleftherios N. Kavourgias, Bill Kontogiannis, Greg Meskouris, Cara Saiff, Linda Schlinger, and Man-Yip Yan ("Opt-In Plaintiffs," and with the Named Plaintiffs, "Plaintiffs"), and (2) defendants Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. (together, "Goldman Sachs").

## I.  DEFINITIONS

1.   "Action" means the civil action in the United States District Court for the Southern District of New York entitled *Vincent Bardouille, et al. v. Goldman, Sachs & Co., et al.*, No. 10 Civ. 4285 (WHP) (HBP).

2.   "Claim Form" means the claim form that Participating Class Members must sign and return to the Settlement Administrator in order to receive a Settlement Share, attached as Exhibit A.

3.   "Claimant" means a Participating Class Member who has submitted a timely and valid Claim Form pursuant to this Settlement Agreement.

4.   "Class" or "Class Member" means those of the 79 individuals identified on Exhibit B.

5.   "Class Counsel" means The Ottinger Firm, P.C.

6.   "Court" refers to the United States District Court for the Southern District of New York.

7.   "Class Period" shall mean the period beginning May 29, 2004 through and including the date of Final Approval.

15.    "Notice" means the Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval, attached as Exhibit D.

16.    "Participating Class Member" means a Class Member who does not timely and properly submit an Election Not to Participate in Settlement.

17.    "Parties" means Plaintiffs and Goldman Sachs.

18.    "Preliminary Approval of the Settlement" means the Court's preliminary approval of the Settlement.

19.    "Settlement" means the disposition of the Action and all related claims effectuated by, and in accordance with the terms of, this Agreement.

20.    "Settlement Administrator" means the administrator proposed by the Parties and appointed by the Court to administer the Settlement.

21.    "Settlement Forms" means the Notice, the Claim Form, and the Election Not to Participate in Settlement.

22.    "Settlement Payment" means the gross amount to be paid by Goldman Sachs as provided by this Agreement. This amount is all inclusive of all payments contemplated in this resolution.

23.    "Settlement Share" means each Claimant's share of the Settlement Payment as provided by this Agreement.

## II.    JURISDICTION

24.    The Action is brought and before the Court under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"); the New York Labor Law, Ch. 31 of the Consolidated Laws of New York; and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-4.1 *et seq.*, all as amended. The Parties agree that the Court has jurisdiction over each and all of the claims in the Action.

## III.   RECITALS

25.   On May 27, 2010, the Named Plaintiffs commenced the Action alleging that they and other allegedly similarly situated individuals were denied overtime compensation in violation of the above-mentioned federal, New York, and New Jersey laws.

26.   Following the close of the certification-related discovery period, the Parties agreed to settle the Action and all other matters covered by this Agreement pursuant to the terms and conditions of this Agreement. This Agreement replaces and supersedes the Memorandum of Agreement entered into on March 30, 2011 and any other agreements, understandings, or representations between the Parties.

27.   This Agreement represents a compromise and settlement of highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission by Goldman Sachs that the claims in the Action have merit; that Goldman Sachs or any of its former or present parent, subsidiary, and affiliated entities bears any liability to Plaintiffs or the Class on those claims or any other claims; or that Goldman Sachs' defenses in the Action have merit.

## IV.   TERMS OF SETTLEMENT

28.   Settlement Payment:  Subject to the terms and conditions of this Agreement, the Settlement Payment that Goldman Sachs will be obligated to pay in connection with the Settlement is $ $847,540.32, which amount will cover all payments to Claimants; tax deductions and withholdings made in accordance with Paragraph 31(c); Enhancement Payments; Class Counsel's attorneys' fees and expenses (including all attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing trial and appellate court approval of the Settlement, attending to the administration of the Settlement, and obtaining a dismissal of the Action); and the Settlement Administrator's fees and expenses.

29.   Attorneys' Fees and Expenses:  Goldman Sachs will not oppose Class Counsel's application to the Court for attorneys' fees in the amount of $262,787.00 and expenses in the amount of $36,480.82. Class Counsel will receive an IRS Form 1099 with respect to its awarded attorneys' fees and expenses.

30.    <u>Enhancement Payments</u>: Goldman Sachs will not oppose Enhancement Payments in such amounts to be determined by Class Counsel, to be paid out of the Settlement Payment to certain Participating Class Members, in addition to such individuals' Settlement Shares. Each recipient of an Enhancement Payment will receive an IRS Form 1099 with respect to his or her Enhancement Payment.

31.    <u>Settlement Shares and Enhancement Payments</u>:

(a)    Only Claimants will be entitled to receive a Settlement Share or Enhancement Payment under this Agreement.

(b)    <u>Settlement Share Calculation</u>: The Settlement Share that each Class Member will be eligible to receive (if he or she is a Claimant) will be calculated as follows:

(i)    The Parties will determine in good faith, based on available records, the number of overtime hours worked by each Class Member from May 29, 2004 through January 31, 2011 for which he or she did not receive overtime pay at the proper rate (based on hours and pay records provided by the vendors that employed the Class Members and by Goldman Sachs, and where such data was inconclusive in part, based on reasonable extrapolation from such existing data). The Parties will attribute each Class Member one unit for each such hour.

(ii)    Once all such units are calculated for all Class Members, each Class Member's individual percentage of the total number of all Class Members' units will be determined. (For example, if the total number of all Class Members' units is 1000 and a particular Class Member is attributed 50 units in accordance with this section, his or her individual percentage will be five percent (5%).)

(iii)    Once all Class Members' individual percentages are calculated, each Class Member's individual percentage will be multiplied by the Net Settlement Payment to arrive the individual Settlement Share that he or she will be eligible to receive.

(iv)     If fewer than all Class Members qualify as Claimants, the Net Settlement Payment will be distributed among the Claimants in proportion to their respective units (as a percentage of all Claimants' units).

(c)     Tax Deductions and Withholdings: Payments to Claimants, with the exception of Enhancement Payments, will be reported on Forms W-2 and will be net of applicable tax deductions and withholdings (as determined in accordance with the IRS Form W-4 that each Claimant will be requested to complete and submit with his or her Claim Form, or if a Claimant fails to timely submit a completed Form W-4, in accordance with applicable IRS, state, and local rules, guidance, and formulae), including the employer payroll taxes applicable to such payments. Goldman Sachs may, at its election, issue the checks and make such deductions and withholdings directly; ask the Settlement Administrator to issue the checks and make such deductions and withholdings; establish a Qualified Settlement Fund whose administrator will issue the checks and make such deductions and withholdings; or otherwise effectuate the payments to Claimants in such other manner consistent with this Agreement.

32.     Effect of Non-Participating Class Members: Each Class Member who (1) fails to submit a timely and valid Claim Form or (2) submits a timely and valid Election Not to Participate in Settlement will not be a Claimant and will not receive a Settlement Share. Under such circumstances, his or her respective Settlement Share will be retained in the Net Settlement Payment for distribution to Claimants on a pro rata basis, in accordance with Paragraph 31(b)(iv), above.

33.     Payment Dates: Settlement Shares and Enhancement Payments will be mailed to each Claimant, by check issued by the Settlement Administrator, within twenty (20) calendar days following Final Approval. Payment of Class Counsel's attorneys' fees and expenses also will be mailed to Class Counsel within twenty (20) calendar days following Final Approval.

34.     Limited Endorsement on Checks to Claimants: All checks issued to Claimants shall contain, on the back of the check, the following limited endorsement:

**CONSENT TO JOIN AND FINAL RELEASE OF CLAIMS:**

I understand that I have up to 90 days from the date I was mailed this Settlement Check to sign and cash this Settlement Check.

I understand that I have consented to join in the case entitled *Vincent Bardouille, et al. v. Goldman, Sachs & Co., et al.*, No. 10 Civ. 4285 (WHP) (HBP), now pending in the United States District Court for the Southern District of New York, and agree to be bound by the Settlement Agreement negotiated by Class Counsel in that case.

I irrevocably and unconditionally waive, release, extinguish, acquit, and forever discharge any claim I might have against the defendants in the above-mentioned case or any of their former or present parent, subsidiary, and affiliated entities for overtime pay, or any other claim for violations of the Federal or state wage and hour laws.

## V.   PRELIMINARY APPROVAL OF SETTLEMENT

35.    As soon as practicable following execution of this Agreement, the Parties shall submit to the Court a joint motion for preliminary approval of Settlement ("Motion for Preliminary Approval"), which shall include a proposed order (i) granting conditional certification of the Class and preliminary approval of Settlement, (ii) approving the Settlement Forms, (iii) appointing the Settlement Administrator, and (iv) scheduling the Final Approval Hearing (the "Order Granting Preliminary Approval of the Settlement").

## VI.   NOTICE TO CLASS MEMBERS

36.    Within ten (10) days following the Court's entry of the Order Granting Preliminary Approval of the Settlement, Goldman Sachs and Class Counsel shall cooperate to provide to the Settlement Administrator a list of the Class Members, including last known addresses and telephone numbers. This list shall be based on available records. The Parties agree to consult with the Settlement Administrator prior to the production date to ensure that the format of the list will be acceptable to the Settlement Administrator.

37.    Within thirty (30) days of the Court's entry of the Order Granting Preliminary Approval of the Settlement, the Settlement Administrator shall send a Notice in the

form attached as Exhibit D and approved by the Court (or in such other form as the Court may approve) to the Class Members by first class mail. The Settlement Administrator shall include with each such Notice a Claim Form and an Election Not to Participate in Settlement. The Settlement Administrator will use all standard skip tracing devices to verify the accuracy of all addresses before the initial mailing date to ensure that the Settlement Forms are sent to all Class Members at the addresses most likely to result in immediate receipt of the claim documents. It will be conclusively presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the Class Member received the Settlement Forms. If an envelope is returned because of an incorrect address prior to the deadline to submit Claim Forms, the Settlement Administrator will promptly, and not later than five (5) days from receipt of the returned envelope, use reasonable diligence to obtain a current address and re-mail the envelope to such address.

38.     The Settlement Administrator shall provide to the Parties the name, last-known address, and last-known telephone number of any Class Member who objects or expresses any opposition to the Settlement within five (5) days of such occurrence. Furthermore, the Settlement Administrator shall notify the Parties of the valid Claim Forms and Elections Not to Participate in Settlement received within fourteen (14) days after the deadline for submission of the forms.

39.     Class Counsel shall provide the Court, at least five (5) days prior to the Final Approval Hearing, a declaration by the Settlement Administrator specifying the due diligence it has undertaken with regard to the mailing of the Settlement Forms.

## VII.   CLAIM FORMS, ELECTIONS NOT TO PARTICIPATE, AND OBJECTIONS

40.     Claim Form: The Notice will provide that Class Members who wish to receive Settlement Shares must mail a signed Claim Form to the Settlement Administrator not later than sixty (60) days after the Settlement Administrator mails the Settlement Forms. If a question is raised about the authenticity of a signed Claim Form, the Settlement Administrator will have the right to demand additional proof of the Class Member's identity. No forms will be honored if postmarked after the deadline to submit claims. The Settlement Administrator will

promptly provide copies of all signed Claim Forms it receives to Class Counsel so that Class
Counsel can file the second page of each such Claim Form (each Claimant's "Consent to Join
Lawsuit") with the Court prior to the Final Approval Hearing.

> 41.    Election Not to Participate in Settlement:  The Notice will provide that
Class Members who wish to exclude themselves from the Settlement must mail to the Settlement
Administrator, not later than sixty (60) days after the Settlement Administrator mails the
Settlement Forms, a signed Election Not to Participate in Settlement.  If a question is raised
about the authenticity of a signed Election Not to Participate in Settlement, the Settlement
Administrator will have the right to demand additional proof of the Class Member's identity.  A
Class Member who submits a timely and valid Election Not to Participate in Settlement will not
be bound by the Settlement or entitled to receive a Settlement Share or Enhancement Payment.
Goldman Sachs will remain free to contest any claim brought by the Class Member that would
have been barred by this Agreement, and nothing in this Agreement will constitute or be
construed as a waiver of any defense Goldman Sachs has or could assert against such a claim.  A
Class Member who does not complete and mail a timely Election Not to Participate in Settlement
in the manner and by the deadline specified above will automatically and nonetheless become a
Participating Class Member and be bound by all terms and conditions of the Settlement,
including its release of claims, if the Settlement is approved by the Court, regardless of whether
he or she has objected to the Settlement.

> 42.    Objections:  The Notice will provide that Class Members who wish to
object to the Settlement, including payment of Class Counsel's attorneys' fees and expenses,
must file with the Court and serve on counsel for the Parties, not later than sixty (60) days after
the Settlement Administrator mails the Settlement Forms, a written comment on or objection to
the Settlement setting forth the grounds for the comment or objection.  The statement will also
indicate whether the Class Member intends to appear and comment or object at the Final
Approval Hearing.  Failure to so indicate will constitute a waiver of the right to appear at the
hearing.  A Class Member who does not file and serve a written comment or objection in the
manner and by the deadline specified above will be deemed to have waived any comments or

objections and will be foreclosed from making any comments or objections (whether by appeal or otherwise) to the Settlement.

## VIII.   RIGHT OF GOLDMAN SACHS TO REJECT SETTLEMENT

43.     If (a) 5% or more of the Class Members, or a number of Class Members whose Settlement Shares as calculated in accordance with Paragraph 31(b)(i)-(iii) (exclusive of Enhancement Payments) in the aggregate total 5% or more of the total Net Settlement Payment, file timely and valid Elections Not to Participate in Settlement; or (b) fewer than 75% of the Class Members, or a number of Class Members whose Settlement Shares as calculated in accordance with Paragraph 31(b)(i)-(iii) (exclusive of Enhancement Payments) in the aggregate total less than 75% of the total Net Settlement Payment, become Claimants, then Goldman Sachs will have the right to rescind the Settlement, and the Settlement and all actions taken in its furtherance will be null and void. Goldman Sachs must exercise this right within fourteen (14) days after the Settlement Administrator notifies the Parties of the valid Claim Forms and Elections Not to Participate in Settlement received.

## IX.   RELEASE OF CLAIMS

44.     <u>Participating Class Members</u>:  Effective upon Final Approval, each Participating Class Member fully and finally releases and discharges (a) Goldman Sachs and its former and present parent, subsidiary, and affiliated corporations and its officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives and (b) the vendor(s) listed to the right of such Participating Class Member's name on Exhibit B to this Agreement, and such vendors' former and present parent, subsidiary, and affiliated corporations and its officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives (collectively, the "Released Parties") from any and all wage-and-hour claims, rights, demands, liabilities and cause of action pursuant to any federal, state, and/or local wage and hour law (including the FLSA, the New York Labor Law, and the New Jersey Wage and Hour Law), whether known or unknown, arising during the Class Period, including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive

damages, interest, attorney fees, litigation costs, restitution, or equitable relief, including any and all claims for the failure to pay any type of overtime wages and any and all claims for any other wages, benefits, or privileges owed to employees ("Released Claims").

45.   <u>Plaintiffs Who Receive Enhancement Payments</u>:  Effective upon Final Approval, Plaintiffs who receive Enhancement Payments release and discharge the Released Parties from any and all Released Claims, together with any and all claims, rights, demands, liabilities and cause of action of every nature and description pursuant to any other federal, state, or local law, statute, regulation, ordinance, or common law of any type, including claims for any further wages, compensation, benefits, attorneys' fees, and expenses, arising from the beginning of time through the date of Final Approval.

46.   <u>Class Counsel</u>:  Effective upon Final Approval, in consideration of their awarded attorneys' fees and expenses, Class Counsel fully and finally release and discharge the Released Parties from any and all Released Claims, together with any and all claims, rights, demands, liabilities and cause of action of every nature and description pursuant to any other federal, state, or local law, statute, regulation, ordinance, or common law of any type, including claims for any further attorneys' fees and expenses, arising from the beginning of time through the date of entry of the Judgment.

47.   <u>Waiver of Unknown Claims</u>:  It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims which were or which could have been asserted in this Action against Goldman Sachs or any of its former or present parent, subsidiary, and affiliated entities, whether known or unknown, liquidated or unliquidated. Plaintiffs may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the entry of the Judgment, Plaintiffs shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without

regard to the subsequent discovery or existence of such different or additional facts. The Participating Class Members shall be deemed by operation of the Judgment to have acknowledged that the waiver described hereinabove was separately bargained for and a key element of the Settlement of which this release is a part.

## X.    FINAL APPROVAL OF SETTLEMENT

48.    In connection with the Final Approval Hearing, the Parties will prepare and submit a proposed order: (i) approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions; (ii) approving Class Counsel's application for an award of attorneys' fees and expenses; (iii) approving the Enhancement Payments; (iv) certifying the Class for Settlement purposes; (v) dismissing this Action on the merits and with prejudice and permanently barring all Participating Class Members from prosecuting against the Released Parties any and all Released Claims arising during the Class Period; and (vi) permanently barring Plaintiffs who receive Enhancement Payments from prosecuting against the Released Parties any and all Released Claims arising before or on the date of Final Approval.

49.    After Final Approval, the Court will have continuing jurisdiction over the Action and the Settlement solely for purposes of (i) enforcing this Agreement, (ii) addressing Settlement administration matters, (iii) addressing such post-Judgment matters as may be appropriate under court rules or applicable law, and (iv) adjudicating Goldman Sachs' third party claims against the third-party defendants.

## XI.    VOIDING THE AGREEMENT

50.    If there is not Final Approval, then the Settlement will become null and void, provided that the failure by the Court or an appellate court to award or sustain the full amount of the Enhancement Payments or Class Counsel's attorneys' fees and expenses will not constitute a failure to approve the Settlement or a material modification of the Settlement.

## XII.   CONFIDENTIALITY

51.     Plaintiffs agree that they and Class Counsel will keep the negotiations leading up to this Agreement and the amount of individual Class Members' Settlement Shares (together, "Confidential Settlement Issues") confidential and that they hereafter will not disclose Confidential Settlement Issues to any person or persons.  Notwithstanding the foregoing, Plaintiffs may disclose Confidential Settlement Issues to their attorneys, accountants, and immediate families; to the Court and Court personnel, as necessary to seek Court approval of this Settlement; and otherwise as required by court or governmental order, subpoena, or as otherwise required by law.  If required by court or governmental order, subpoena, or otherwise as required by law to disclose Confidential Settlement Issues, Plaintiffs will notify Goldman Sachs prior to making any such disclosure and permit Goldman Sachs a reasonable time to object to such disclosure.  Plaintiffs and their attorneys shall make no public statement concerning Confidential Settlement Issues other than such statements as are contained in Court filings necessary to seek approval of this Settlement.  If Plaintiffs or their attorneys violate this paragraph, Goldman Sachs may rescind the Agreement, rendering it null and void.

52.     Plaintiffs agree that in connection with their assignments at Goldman Sachs, they and the Class Members have had access to non-public information and materials concerning the business affairs of Goldman Sachs or its present or former partners, managing directors, shareholders, employees, agents, directors, officers, clients, or other third parties or the personal affairs of such individuals ("Confidential Information and Materials").  Participating Class Members will hold all Confidential Information and Materials in strict confidence and will not give, disclose, copy, reproduce, sell, assign, license, market or transfer Confidential Information and Materials to any person, firm or corporation, nor allow anyone to do so on their behalves.

53.     Without prior written authorization from Goldman Sachs, Participating Class Members will not discuss any Confidential Information and Materials or any aspects of their assignment with Goldman Sachs or (if applicable) the end of said assignment with any reporter, author, producer, or similar person or entity, or take any other action seeking to publicize or disclose any such information in any way likely to result in such information being

made available to the general public in any form, including books, articles or writings of any kind, as well as film, videotape, audiotape or any other medium. Nothing in this section is intended to prevent a Participating Class Member from disclosing information concerning his or her assignment at Goldman Sachs that is of the sort that would customarily be contained on a resume.

54.    Notwithstanding the foregoing, Participating Class Members may disclose Confidential Information and Materials to their attorneys and otherwise as required by court or governmental order, subpoena, or as otherwise required by law. If a Participating Class Member is required by court or governmental order or subpoena to disclose Confidential Information and Materials, he or she will notify Goldman Sachs prior to making any such disclosure and permit Goldman Sachs a reasonable time to object to such disclosure.

55.    Goldman Sachs will be entitled to obtain injunctive relief to enforce its rights under this Section XII.

## XIII.   NO EFFECT ON BENEFITS ENTITLEMENT

56.    No amounts paid in connection with the Settlement, including the Enhancement Payments or Settlement Shares, are intended to or will be taken into account in determining any Class Member's rights or benefits under any Goldman Sachs or vendor benefit plan or program. No Class Member will use this Agreement as a basis for a request for participation or benefits under any such plan or program.

## XIV.   NO EFFECT ON EMPLOYMENT STATUS

57.    This Agreement and the Settlement are not intended to and do not create an employment relationship of any kind between Goldman Sachs and any Class Member, and do not constitute an admission that an employment relationship exists or has ever existed between Goldman Sachs and any Class Member. Neither this Agreement, the fact of withholding of taxes from Settlement Shares, the reporting of such payments, nor any document supporting or evidencing the settlement of this Action, shall be offered, urged or admissible in any proceeding of any kind for any purpose concerning the employee status of any Class Member or other

individual who provided services to Goldman Sachs or any of its former or present parent, subsidiary, and affiliated entities.

## XV.    RESIGNATIONS AND NO REASSIGNMENT OR FUTURE EMPLOYMENT

58.    Plaintiffs relinquish any and all rights they may have to either directly or indirectly:  (i) be employed by, (ii) be assigned to, (iii) work for, (iv) seek employment with or apply to, (v) accept employment with, or (vi) provide services in exchange for compensation in any capacity (including, but not limited to, as an employee, independent contractor, consultant, or temporary employee) to Goldman Sachs or any of its former or present parent, subsidiary, and affiliated entities.

## XVI.    WAIVER OF APPEALS

59.    The Parties waive all appeals from the Court's Final Approval of the Settlement unless (i) the Court materially modifies the Settlement or (ii) the Court reduces the amounts to be awarded as Enhancement Payments or Class Counsel's attorneys' fees and expenses.

## XVII.    AUTHORITY TO ACT FOR PLAINTIFFS

60.    Class Counsel represent and warrant that they have full authority to enter into this Agreement on behalf of Plaintiffs and to bind each of them to all of its terms and conditions.

## XVIII. FAIR, ADEQUATE AND REASONABLE SETTLEMENT

61.    The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the Court.

## XIX.    MODIFICATION OF AGREEMENT

62.    This Agreement may not be modified or canceled in any manner except by a writing signed by Class Counsel and an authorized representative of Goldman Sachs.

## XX.   SEVERABILITY

63.   If any provision in this Agreement is found to be unenforceable, all other provisions will remain fully enforceable.

## XXI.   APPLICABLE LAW

64.   This Agreement shall be governed by the common law and statutes of the State of New York, without regard to its principles of conflicts of laws.

## XXII.   HEADINGS

65.   Section headings in this Agreement are included for convenience of reference only and shall not be a part of this Agreement for any other purpose.

## XXIII. CLASS COUNSEL SIGNATORIES

66.   It is agreed that because the members of the Class are so numerous, it is impossible or impractical to have each Class Member execute this Agreement.  The Notice will advise all Class Members of the binding nature of the release.  Excepting only the Class Members who timely submit a valid Election Not to Participate in Settlement, the Notice shall have the same force and effect as if this Agreement were executed by each Class Member with regard to Released Claims.

## XXIV. INTEGRATED AGREEMENT

67.   This Agreement contains the entire agreement between the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements relating to the Action or to the claims and allegations in the Action, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement.  For the avoidance of doubt, this Agreement does not vitiate or modify any Plaintiff's or Class Member's obligation under any other written agreement between such individual and Goldman Sachs or any of its former or present parent, subsidiary, and affiliated entities that was not executed in connection with this Action, such as any Non-Disclosure

Agreement, any other release agreement between the individual and Goldman Sachs or any of its former or present parent, subsidiary, and affiliated entities, or any other agreement that such individual may have signed in connection with his or her assignment or engagement to provide services to Goldman Sachs or any of its former or present parent, subsidiary, and affiliated entities or the termination of such assignment or engagement. No rights under this Settlement may be waived except in writing.

## XXV.  NO PRIOR ASSIGNMENTS

68.     The Parties represent and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Assignment.

## XXVI. BINDING ON SUCCESSORS

69.     This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## XXVII.  NO ADMISSION OF LIABILITY OR CLASS CERTIFICATION

70.     Goldman Sachs denies that it or any of its former or present parent, subsidiary, and affiliated entities has engaged in any unlawful activity, has failed to comply with the law in any respect, has any liability to anyone under the claims asserted in the Action, or that but for the Settlement a class should be certified in the Action. This Agreement is entered into solely for the purpose of compromising highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Goldman Sachs or any of its former or present parent, subsidiary, and affiliated entities; an admission by Plaintiffs that any of their claims was non-meritorious; or an admission that any defense asserted by Goldman Sachs was meritorious. This Settlement and the fact that Plaintiffs and Goldman Sachs were willing to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with the Settlement).

71.     The Parties agree that the stipulation of class certification is for settlement purposes only and if for any reason the Settlement is not approved, the stipulation will be of no force or effect.  The Parties agree that certification for settlement purposes is in no way an admission that class certification is proper and that evidence of this stipulation for settlement purposes only will not be deemed admissible in this or any other proceeding..

72.     Whether or not there is Final Approval, neither the Settlement, this Agreement, any document, statement, proceeding or conduct related to the Settlement or the Agreement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Goldman Sachs or any Released Party, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, or damage; or (ii) disclosed, referred to or offered in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

73.     This Section XXVII and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Agreement or in defense of any claims released or barred by this Agreement.

## XXVIII. CONSTRUCTION

74.     The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or her or its counsel participated in the drafting of this Agreement.

## XXIX. NOTICES

75.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly

given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

    (a)    <u>To Plaintiffs and the Class</u>:

        Robert Ottinger, Esq.
        Christopher Q. Davis, Esq.
        The Ottinger Firm, P.C.
        19 Fulton Street, Suite 408
        New York, New York 10038

    (b)    <u>To Goldman Sachs</u>:

        Allan S. Bloom, Esq.
        Paul, Hastings, Janofsky & Walker LLP
        75 East 55th Street
        New York, New York 10022

## XXX.  EXECUTION IN COUNTERPARTS

76.    This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

Dated: New York, New York
       July ____, 2011

       GOLDMAN, SACHS & CO.
       THE GOLDMAN SACHS GROUP, INC.

       By:    _____
       Name: Gregory K. Palm
       Title:   General Counsel of The Goldman Sachs Group, Inc.

Dated: New York, New York
        July ___, 2011


        THE OTTINGER FIRM, P.C.



        By:   _____
        Name: Robert W. Ottinger
        Title:  Partner

## EXHIBIT A

### CLAIM FORM

**IF YOU WANT JOIN THIS LAWSUIT AND RECEIVE YOUR SHARE OF THE SETTLEMENT, PLEASE TAKE THESE THREE STEPS:**

**1.     COMPLETE AND SIGN PAGES 1 AND 2 OF THIS CLAIM FORM.**

**2.     COMPLETE THE ATTACHED IRS FORM W-4 IF YOU WANT TO DESIGNATE THE NUMBER OF ALLOWANCES AND PROVIDE OTHER INFORMATION USED TO COMPUTE THE TAXES ON YOUR CLAIM SHARE.**

**3.     USE THE ENCLOSED ENVELOPE TO RETURN THESE FORMS TO THE ADDRESS BELOW NOT LATER THAN [60 DAYS AFTER MAILING OF NOTICE].**

Bardouille Class Action Claims Administrator
Rust Consulting, Inc.
625 Marquette Avenue, Suite 880
Minneapolis, Minnesota 55402-2469

### BE SURE TO SIGN EACH PAGE OF THESE FORMS

_____
Signature

_____
Print or Type Name

_____
Address

_____
City, State, Zip Code

_____
Telephone Number, Including Area Code

_____
Social Security Number

## <u>CLAIM FORM—PAGE 2</u>

## <u>CONSENT TO JOIN LAWSUIT</u>

I consent to join *Bardouille v. Goldman, Sachs & Co., et al.,* No. 10 Civ. 4285 (WHP) (HBP), pursuant to the Fair Labor Standards Act, and authorize The Ottinger Firm P.C. to act on my behalf in all matters relating to this action, including the settlement of my claims.

_____
Signature

_____
Print or Type Name

_____
Date

**EXHIBIT B**

**CLASS MEMBERS**

|     | Class Member | Vendor(s) |
| --- | --- | --- |
| 1. | Avila, Walter | MPL Systems, Inc. |
| 2. | Barbara, Christine | Wellstone Consultants |
| 3. | Bardouille, Vincent | ICAS (Interface Cable Assemblies and Services Corporation) |
| 4. | Brown, Tony | Telequest |
| 5. | Caligiuri, Louis | Leading Edge Communications Corporation |
| 6. | Caragiulo, Annette | KGM Consulting |
| 7. | Castellano, Scott | Wellstone Consultants |
| 8. | Celli, Jason | KGM Consulting |
| 9. | Chambers, Reuben | ICAS (Interface Cable Assemblies and Services Corporation) |
| 10. | Chieco, Irene | Wellstone Consultants |
| 11. | Chuba, Eugene | Wellstone Consultants |
| 12. | Collins, Kevin | Royal Communications Consultants |
| 13. | Cooney, John | Royal Communications Consultants |
| 14. | Cosenza, Joe | Headway Technology Resources |
| 15. | Dado, Mary | KGM Consulting |
| 16. | Denner, Victor | Leading Edge Communications Corporation |
| 17. | Elumogo, Collins | Open Systems |
| 18. | Elumogo, Victor | ICAS (Interface Cable Assemblies and Services Corporation) |
| 19. | Fata, Luigi | Performance Resources NY, Inc. |
| 20. | Fayerweather, David | Akibia |
| 21. | Finnegan, Jake | KGM Consulting |
| 22. | Furquan, Mohammad | ICAS (Interface Cable Assemblies and Services Corporation) |
| 23. | Giammona, Giuseppe | Wellstone Consultants |
| 24. | Guarino, Vincent | Wellstone Consultants |
| 25. | Hasan, Samir | Paragon Solutions, Inc. |
| 26. | James, Daniel | Leading Edge Communications Corporation |
| 27. | Kavourgias, Teddy | Wellstone Consultants |
| 28. | Kimble, Henry | Diversant |
| 29. | Kontogiannis, Bill | Leading Edge Communications Corporation |
| 30. | Kravchenko, Art | MPL Systems, Inc. |
| 31. | Lee, Henry | Jones Lang LaSalle; Wellstone Consultants |
| 32. | Lendor, Henry | The Computer Merchant |
| 33. | Locantore, Nunzio | Princeton Information |
| 34. | Mancuso, Marilyn | KGM Consulting |
| 35. | Marinich, Alex | ICAS (Interface Cable Assemblies and Services Corporation) |

| | | |
|---|---|---|
| 36. | Martell, Karen Lee | KGM Consulting |
| 37. | Mazerolle, Gail | ComSci, LLC/Communication Sciences |
| 38. | McCain, Angela | ICAS (Interface Cable Assemblies and Services Corporation); Paragon Solutions, Inc. |
| 39. | McFalls, Michael | Wellstone Consultants |
| 40. | Mendoza, Alex | ICAS (Interface Cable Assemblies and Services Corporation) |
| 41. | Meskouris, Gregory | ICAS (Interface Cable Assemblies and Services Corporation) |
| 42. | Mills, Kurt | The Computer Merchant |
| 43. | Montgomery, Kerwin | Royal Communications Consultants |
| 44. | Moore, Michele | KGM Consulting |
| 45. | Moran, Robert | Crafted Resources |
| 46. | Motschmann, Doug | Royal Communications Consultants |
| 47. | Muco, Erion | ICAS (Interface Cable Assemblies and Services Corporation) |
| 48. | Muco, Nikolas | ICAS (Interface Cable Assemblies and Services Corporation) |
| 49. | Muller, Rick | Royal Communications Consultants |
| 50. | Nordstrom, Gary | ICAS (Interface Cable Assemblies and Services Corporation) |
| 51. | Oddo, Michael | ICAS (Interface Cable Assemblies and Services Corporation) |
| 52. | Papaleo, Cindy | KGM Consulting |
| 53. | Patel, Sanjay | EMC Corporation |
| 54. | Payne, Samuel | MPL Systems, Inc. |
| 55. | Pepin, Jesus | Leading Edge Communications Corporation |
| 56. | Perez, Lori | KGM Consulting |
| 57. | Petersen, Colleen | KGM Consulting |
| 58. | Pierre, Patrick | ICAS (Interface Cable Assemblies and Services Corporation); MPL Systems, Inc. |
| 59. | Qadiri, Mohammad | ICAS (Interface Cable Assemblies and Services Corporation) |
| 60. | Qazi, Nasir | Comsys |
| 61. | Reid, Sean | ICAS (Interface Cable Assemblies and Services Corporation) |
| 62. | Rennix, Clarissa | Wellstone Consultants |
| 63. | Rheingold, Harold | Royal Communications Consultants |
| 64. | Rinaldo, Vincent | Technology Construction Partners, Inc. |
| 65. | Roman, Manuel | Wellstone Consultants |
| 66. | Saiff, Cara | KGM Consulting |
| 67. | Scaduto, Steven | ICAS (Interface Cable Assemblies and Services Corporation) |
| 68. | Scheer, William | ICAS (Interface Cable Assemblies and Services Corporation); Wellstone Consultants |

| | | |
|---|---|---|
| 69. | Schlinger, Linda | ICAS (Interface Cable Assemblies and Services Corporation); Wellstone Consultants |
| 70. | Smith, Delroy | ICAS (Interface Cable Assemblies and Services Corporation) |
| 71. | Tartaglia, Mark | Grubb & Ellis; Jones Lang LaSalle; Wellstone Consultants |
| 72. | Thorgersen, Michael | Wellstone Consultants |
| 73. | Tilocca, Anthony | Wellstone Consultants |
| 74. | Turco-Ascione, Michele | KGM Consulting |
| 75. | Vaccarella, Ben | Open Systems |
| 76. | Vallely, William | Royal Communications Consultants |
| 77. | Vecchione, Frank | EMC Corporation |
| 78. | Vera, Isabel | ICAS (Interface Cable Assemblies and Services Corporation) |
| 79. | Yan, Man-Yip | Open Systems |

## EXHIBIT C

## ELECTION NOT TO PARTICIPATE IN SETTLEMENT

IF YOU WANT TO JOIN THIS SUIT AND RECEIVE YOUR SHARE OF THE SETTLEMENT, *DO NOT* FILL OUT THIS FORM.

IF YOU DO *NOT* WANT TO BE INCLUDED IN THIS SUIT, TAKE THESE THREE STEPS:

1.      COMPLETE AND SIGN THIS FORM.

2.      ENCLOSE A PHOTOCOPY OF YOUR DRIVER'S LICENSE OR OTHER FORM OF GOVERNMENT-ISSUED PICTURE IDENTIFICATION (*e.g.*, PASSPORT).

3.      USE THE ENCLOSED ENVELOPE TO RETURN THESE FORMS VIA REGISTERED OR CERTIFIED MAIL TO THE ADDRESS BELOW NOT LATER THAN [60 DAYS AFTER MAILING OF NOTICE].

Bardouille Class Action Claims Administrator
Rust Consulting, Inc.
625 Marquette Avenue, Suite 880
Minneapolis, Minnesota 55402-2469

I wish to be excluded from this suit and *not* to participate in the proposed Settlement.

_____

Signature

_____

Print or Type Name

_____

Address

_____

City, State, Zip Code

_____

Telephone Number, Including Area Code

_____

Social Security Number

**EXHIBIT D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VINCENT BARDOUILLE, VINCENT
GUARINO, ANGELA MCCAIN, MICHAEL
THORGERSEN and STEVEN SCADUTO,
individually and on behalf of all others similarly
situated,

                                Plaintiffs,

           vs.

GOLDMAN SACHS & CO. and GOLDMAN
SACHS GROUP, INC.

                        Defendants.

10 Civ. 4285 (WHP) (HBP)

---

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, PRELIMINARY APPROVAL OF SETTLEMENT, AND HEARING DATE FOR FINAL COURT APPROVAL

**TO:**   [NAME]

**PLEASE READ THIS NOTICE CAREFULLY.  IF YOU WISH TO RECEIVE YOUR SHARE OF THE SETTLEMENT OF THIS CLASS ACTION, YOU NEED TO COMPLETE AND RETURN YOUR CLAIM FORM NOT LATER THAN [60 DAYS AFTER MAILING OF NOTICE].  IF YOU WISH TO OBJECT TO THE SETTLEMENT, OR IF YOU DECIDE NOT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.  IF YOU INTEND NOT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST COMPLETE AND RETURN YOUR ELECTION NOT TO PARTICIPATE IN SETTLEMENT FORM ON OR BEFORE [60 DAYS AFTER MAILING OF NOTICE].**

Pursuant to the Order of the United States District Court for the Southern District of New York entered on _____, 2011, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement (the "Settlement") has been reached between the parties in this class action pending in United States District Court for the Southern District of New York (the "Court").

The Court has preliminarily approved the Settlement and conditionally certified the Class for purposes of the Settlement only.

This notice is designed to inform you of how you can make a claim under the Settlement, object to the Settlement, or elect not to participate in the Settlement.

To receive your share of the proceeds to be paid under the Settlement, you must submit a valid and timely Claim Form.

## I. BACKGROUND OF THE CASE

On May 27, 2010, plaintiffs Vincent Bardouille, Vincent Guarino, Angela McCain, and Michael Thorgersen (the "Named Plaintiffs") commenced a purported class and collective action on behalf of themselves and others similarly situated (the "Class") against Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. (together, "Goldman Sachs") in the United States District Court for the Southern District of New York (the "Action"). The Named Plaintiffs alleged that they and the Class were denied overtime wages in violation of the above-mentioned federal, New York, and New Jersey laws, and that Goldman Sachs is responsible for such overtime wages.

Goldman Sachs denies all of the Named Plaintiffs' material allegations. Specifically, Goldman Sachs denies that it or any of its former or present parent, subsidiary, and affiliated entities employed the Named Plaintiffs or the Class; that the Named Plaintiffs and the Class were entitled to overtime pay; and that Goldman Sachs or any of its former or present parent, subsidiary, and affiliated entities is responsible for any wages that the Named Plaintiffs or the Class might be owed (if any).

After good faith negotiations under the guidance of a private mediator, the parties agreed to resolve the Action on the terms of the Settlement summarized in this Notice.

As a member of the Class, you will participate in the Settlement unless you elect not to participate by timely filing an Election Not to Participate in Settlement form. If you submit a valid and timely Claim Form, you will share in the proceeds to be paid under the Settlement.

## II. SUMMARY OF THE SETTLEMENT

The Settlement provides for the following:

### A. Who is included in the Settlement?

You are included in the Settlement if your name appears on Exhibit "B" to the Settlement Agreement filed with the Court. There are 79 members of the Class.

### B. Who is representing the Class?

The attorneys for the Class ("Class Counsel") are:

Robert Ottinger
Christopher Q. Davis
The Ottinger Firm, P.C.
19 Fulton Street, Suite 408
New York, New York 10038
(212) 571-2000

## C. What will I receive from the Settlement?

From a total settlement payment of $993,841.00 ("Settlement Payment"), less tax deductions and withholdings; Enhancement Payments to the Named Plaintiffs and certain Class Members; Class Counsel's attorneys' fees and expenses; and the Settlement Administrator's fees and expenses, each Class Member who submits an approved Claim Form will receive an individual settlement payment based upon the total number of uncompensated overtime hours he or she worked in the period between May 29, 2004 and January 31, 2011 (based on hours and pay records provided by the vendors that employed the Class Members and by Goldman Sachs, and where such data was inconclusive in part, based on reasonable extrapolation from such existing data).

The individual settlement payment that you are eligible to receive is specified on Schedule "A" to this Notice.

## D. When will I receive my Settlement Payment?

The settlement payments will be sent to Class Members who file valid and timely Claim Forms within 20 days after Final Approval (defined below).

"Final Approval" means that the Settlement has been finally approved by the Court and either (a) upon timely appeal or appeals, the United States Court of Appeals for the Second Circuit and/or the United States Supreme Court, has declined to consider, affirmed, or otherwise approved the Court's final approval of the Settlement and the applicable date for seeking further appellate review has passed; or (b) the applicable date for seeking appellate review of the Court's final approval of the Settlement has passed without a timely appeal or request for review having been made.

## E. What if I do not want to participate in the Settlement?

You will not be included in the Settlement if you elect not to participate by submitting an Election Not to Participate in Settlement form. If you submit an Election Not to Participate in Settlement form, you will not receive any settlement payment.

## F. What if I do not submit an Election Not to Participate in Settlement form but also do not submit a Claim Form?

To receive your share of the Settlement Payment, you must submit a valid and timely

Claim Form.

Please note: If you do not submit a valid and timely Claim Form or Election Not to Participate and the Court approves the Settlement, you will still be bound by the terms of the Settlement with respect to your FLSA, New York Labor Law, and New Jersey Wage and Hour Law claims even though you will not receive a settlement payment.

## G. Claims Administrator.

The Court has appointed Rust Consulting Inc., 625 Marquette Avenue, Suite 880, Minneapolis, Minnesota, 55402-2469, (612) 359-2000, to act as an independent settlement administrator and to resolve any dispute concerning a Class Member's eligibility to participate in the Settlement and his or her share of the Settlement proceeds.

## H. Release of Claims.

The Settlement includes a release by Class Members (other than those who file an Election Not to Participate in Settlement form) of (a) Goldman Sachs and its former and present parent, subsidiary, and affiliated corporations and its officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives and (b) the vendor(s) listed on Schedule "A" to this Notice, and such vendors' former and present parent, subsidiary, and affiliated corporations and its officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives (collectively, the "Released Parties") from any and all wage-and-hour claims, rights, demands, liabilities and cause of action pursuant to any federal, state, and/or local wage and hour law (including the FLSA, the New York Labor Law, and the New Jersey Wage and Hour Law), whether known or unknown, arising during the period beginning May 29, 2004 through and including the date of Final Approval, including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, including any and all claims for the failure to pay any type of overtime wages and any and all claims for any other wages, benefits, or privileges owed to employees (collectively, the "Released Claims").

In addition, Class Members who receive Enhancement Payments release and discharge the Released Parties from any and all Released Claims, together with any and all claims, rights, demands, liabilities and cause of action of every nature and description pursuant to any other federal, state, or local law, statute, regulation, ordinance, or common law of any type, including claims for any further wages, compensation, benefits, attorneys' fees, and expenses, arising from the beginning of time through the date of Final Approval.

## I. Class Representatives.

In addition to their share as Participating Class Members, plaintiffs Vincent Bardouille, Vincent Guarino, Angela McCain, Michael Thorgersen, and Irene Chieco will receive Enhancement Payments in the amounts of $20,000.00 each for serving the Class by assisting with the preparation of the Complaint, the factual investigation of claims, drafting and executing of

declarations, participating in depositions, participating in the mediation, and/or shouldering the risks as Named Plaintiffs. These payments will be deducted from the Settlement Payment.

**J. Attorneys' Fees.**

Class Counsel will seek approval from the Court for payment of attorneys' fees and costs and expenses incurred in the amount of one-third (*i.e.*, 33⅓%) of the total Settlement, or $331,280.33, which, if approved by the Court, will be deducted from the Settlement Payment. Class Counsel believes that this amount is fair and reasonable, and Goldman Sachs will not oppose the request for that amount.

**K. Costs of Administration.**

The costs of administering the Settlement also will be deducted from the Settlement Payment, and are expected to be less than $20,000.

## III. PLAINTIFF AND CLASS COUNSEL SUPPORT THE SETTLEMENT.

The Named Plaintiffs as Class Representatives and Class Counsel support this Settlement. Their reasons include the inherent risk of denial of class certification, the risk of a trial on the merits, and the inherent delays and uncertainties associated with litigation. Based on their experience litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted. No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, Plaintiffs and Class Counsel believe that the Settlement is fair, reasonable, and adequate.

## IV. WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

The Named Plaintiffs as Class Representatives and Class Counsel represent your interests as a Class Member. Unless you elect not to participate in the Settlement by timely filing an Election Not to Participate in Settlement form, you are a part of the Class, you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court, and you will be deemed to have released the claims against the Released Parties as described above. As a member of the Class, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own attorney, in which event you will be responsible for your own attorneys' fees and costs.

**A. Claiming Your Share of the Settlement**

To receive a share of the Settlement proceeds, you must complete in full and sign the enclosed Claim Form and mail it via first class mail before [60 days after mailing of Notice] to:

Bardouille Class Action Claims Administrator
Rust Consulting, Inc.

625 Marquette Avenue, Suite 880
Minneapolis, Minnesota 55402-2469

To be valid, the Claim Form must be completed in full and signed by you under penalty of
perjury. You will also be asked to complete and return with your completed Claim Form an IRS
Form W-4, which will be used to calculate the amount of taxes to be withheld from your
settlement payment. If you do not timely submit a completed Form W-4, the amount of taxes to
be withheld from your settlement payment will be determined, as applicable, in accordance with
applicable IRS, state, and local rules, guidance, and formulae.

A Class Member who does not mail a Claim Form in the manner and by the deadline specified
above will not receive a share of the Settlement proceeds.

**B. Objecting to the Settlement.**

If you are dissatisfied with any of the terms of the Settlement, you may object to the Settlement.
Any objection to the Settlement must be in writing and must explain, in clear and concise terms,
the basis for your objection. In addition, in order to be considered, your objection must be
mailed via first class mail on or before [60 days after mailing of Notice] to all of the following:

Office of the Clerk
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Robert Ottinger
Christopher Q. Davis
The Ottinger Firm, P.C.
19 Fulton Street, Suite 408
New York, New York 10038

Allan S. Bloom
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, New York 10022

Your objection must include your full name, address, and your date of birth, and must reference
this case, *Bardouille v. Goldman, Sachs & Co., et al.*, No. 10 Civ. 4285 (WHP) (HBP). In
addition, your objection must indicate whether you intend to appear at the Final Approval
Hearing scheduled for _____, 2011, at ___:00 _.m. It is not necessary, however, for you
to appear at this hearing to make an objection.

Any Class Member who does not object to the Settlement in the manner described above will be
deemed to have waived any objections and will be foreclosed from making any objection
(whether by appeal or otherwise) to the Settlement. If the Court rejects your objection, you will
still be bound by the terms of the Settlement with respect to your FLSA, New York Labor Law,

and New Jersey Wage and Hour Law claims unless you also submit an Election Not to Participate in Settlement form in the manner described in this Notice.

**PLEASE DO NOT TELEPHONE THE COURT, GOLDMAN SACHS' COUNSEL, OR GOLDMAN SACHS.**

### C. Excluding Yourself from the Settlement.

If you do not wish to participate in the Settlement, you must complete the enclosed Election Not to Participate in Settlement form. To be valid, the Election Not to Participate in Settlement form must be completed, signed by you under penalty of perjury, accompanied by a photocopy of your driver's license or other form of government-issued picture identification (*e.g.*, passport) and returned to:

Bardouille Class Action Claims Administrator
Rust Consulting, Inc.
625 Marquette Avenue, Suite 880
Minneapolis, Minnesota 55402-2469

To be valid, the Election Not to Participate in Settlement form must be mailed not later than [60 days after mailing of Notice]. If the Election Not to Participate in Settlement form is sent from within the United States it must be sent through the United States Postal Service via registered or certified mail, with return receipt requested. A Class Member who fails to mail an Election Not to Participate in Settlement form in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement with respect to their FLSA, New York Labor Law, and New Jersey Wage and Hour Law claims if the Settlement is approved by the Court, as well as by the Judgment, regardless of whether he or she has objected to the Settlement.

Any person who files a complete and timely Election Not to Participate in Settlement form will, upon receipt, no longer be a member of the Settlement Class, will be barred from participating in any portion of the Settlement, and will receive no benefits from the Settlement. Any such person, at his or her own expense, may pursue any bona fide and timely claims he or she may have against any of the Released Parties.

### V. FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing in Courtroom ___ of the United States District Court, 500 Pearl Street, New York, New York 10007, on _____, 2011, at __:00 _.m., to determine whether the settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Class Counsel's request for costs and attorneys' fees and the Enhancement Payments made to the Class Representatives. The hearing may be postponed without further notice to the Class.

SCHEDULE "A"

| Class Member Name: | |
|---|---|
| Vendor(s): | |
| Individual Settlement Payment: | |

## AMENDMENT TO SETTLEMENT AGREEMENT

This Amendment to Settlement Agreement ("Amendment") is made by and between (1) plaintiffs Vincent Bardouille, Vincent Guarino, Angela McCain, and Michael Thorgersen ("Named Plaintiffs"), plaintiffs Irene Chieco, Victor A. Elumogo, Eleftherios N. Kavourgias, Bill Kontogiannis, Greg Meskouris, Cara Saiff, Linda Schlinger, and Man-Yip Yan ("Opt-In Plaintiffs," and with the Named Plaintiffs, "Plaintiffs"), and (2) defendants Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. (together, "Goldman Sachs").

WHEREAS, Plaintiffs and Goldman Sachs entered into a Corrected Settlement Agreement on or about July 25 and 27, 2011 (the "Settlement Agreement"); and

WHEREAS, Plaintiffs and Goldman Sachs desire to amend the Settlement Agreement as hereinafter set forth.

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, Plaintiffs and Goldman Sachs agree as follows.

1.     Amendments.  Plaintiffs and Goldman Sachs hereby amend Paragraphs 28 and 29 of the Settlement Agreement in the manner reflected on the attached Exhibit A, and agree to proceed as if such amendments were made on the date the Settlement Agreement was originally signed by the parties.

2.     Implementation of Amendment.  The Parties agree to take all necessary and reasonable steps to implement and seek final Court approval of the Settlement Agreement as amended by this Amendment.

3.     Authority to Act For Plaintiffs.  Class Counsel represent and warrant that they have full authority to enter into this Agreement on behalf of Plaintiffs and to bind each of them to all of its terms and conditions.

4.    _Fair, Adequate, and Reasonable Settlement_. The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the Court.

5.    _Execution in Counterparts_. This Amendment may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

6.    _Definitions_. All capitalized terms in this Amendment that are not herein defined shall have the meanings ascribed to them in the Settlement Agreement.

7.    _Affirmation_. Except as amended hereby, the Settlement Agreement shall remain in full force and effect.

Dated: New York, New York
       January _18_, 2012

GOLDMAN, SACHS & CO.
THE GOLDMAN SACHS GROUP, INC.

By:    _____
Name: Gregory K. Palm
Title:  General Counsel of The Goldman Sachs Group, Inc.

Dated: New York, New York
       January _18_, 2012

THE OTTINGER FIRM, P.C.

By:    _____
Name: Robert W. Ottinger
Title:  Partner